Thurman Davis *v.* State of Tennessee.

(*Nashville,* December Term, 1954.)

Opinion filed August 2, 1955.

Rehearing denied October 7, 1955.

REAGAN, NEAL & CRAVEN, of Jamestown, for plaintiff in error.

KNOX BIGHAM, Assistant Attorney General, for the State.

MR. JUSTICE BURNETT delivered the opinion of the Court.

This appeal comes from the conviction of possessing more than three gallons of unstamped liquor. The punishment was fixed at a penitenitary sentence of two years.

Officers of Fentress County raided the premises of the plaintiff in error and found a quantity of moonshine liquor concealed under the hoods of two automobiles which were nearby. These officers had a search warrant for this place before they made the raid, no question is made about the warrant. Seven and one-half gallons of the whisky were found under the hood of a 1940 Chevrolet, and two and one-half gallons were found under the hood of an old 1937 Chevrolet. One of the officers had previously seen the plaintiff in error driving the 1940 Chevrolet. When the plaintiff in error was arrested he

asked these officers how much liquor they found and when they said 10 gallons he disputed this and said that he did not have that much liquor. The hood of the 1940 Chevrolet was warm and the plaintiff in error told one of the officers that he had just driven it. There is no proof offered on behalf of the defense.

The principal insistence on this appeal, which is made in a very able and vigorous oral argument to this Court, is that the trial court committed error in overruling a plea of former jeopardy. In support of this plea the following facts appear: Davis had previously been indicted for the identical offense for which he is here convicted, except that in the former indictment the charge was the possession of untaxed whisky, while in the present indictment it was averred that the whisky was unstamped. He was put on trial under this first indictment, found guilty, and sentenced by a jury to a term of two years in the penitentiary. Seasonably to this conviction he filed a motion for new trial on the grounds that the evidence did not support the verdict, that the preponderance of the evidence was in favor of his innocence, and that he was convicted of a felony although the indictment only charged a misdemeanor. The trial court sustained this motion for new trial without definitely stating why it was sustained. Subsequently the plaintiff in error was again indicted for the possession of this same whisky and before the trial came on on this subsequent indictment, that is, the one that we now have before us, a nolle prosequi was entered by the District Attorney in the first case, that is, the case that he had been convicted in and the new trial granted in.

It is very vigorously contended under this state of facts that Davis had been put in double jeopardy. He relies primarily upon our case of *State* v. *Norvell* decided at

Rogersville in May, 1820, 10 Tenn. 24, 24 Am. Dec. 458, wherein this Court at that time held that a defendant could not be prosecuted again after he had once been convicted and the judgment arrested. It seems to us that this case is not in point. In the Norvell case, the indictment was for murder and the conviction was of manslaughter. The Court held there that the manslaughter verdict was an acquittal of the charge of murder, which could be pleaded in bar to a subsequent indictment for murder. This Norvell case also plainly is not controlling because it appears in this case that the State, though it might have, failed to appeal from an order of the trial court in sustaining a motion in arrest. The court seems to have completely ignored the point or it was not mentioned in the opinion that a defendant, who, upon his own motion, extricates himself from jeopardy will not be permitted to take advantage in a subsequent trial of the court's action in the removal of the jeopardy from him.

(1) "It is an established principle of law that an accused in a criminal case who procures a verdict and judgment against him to be set aside or arrested by the court may be tried anew upon the same or another indictment for the same offense of which he was convicted, even after he has served a part of the sentence imposed on him in the first conviction. * * *

(2) "Where a new trial was granted on motion of accused, and the verdict and conviction are set aside, he thereby waived his right and is estopped to plead the former conviction as a bar to another trial on the same or a new indictment." 22 C. J. S., Criminal Law, Secs. 271 and 272.

To the same effect see 15 Am. Jur., Sec. 427, page 89, where cases from practically every State in the Union

will be found. Our case of *Slaughter* v. *State,* 25 Tenn. 410 is in accord with this general rule.

See also an opinion of this Court on the subject in *Etter* v. *State,* 185 Tenn. 218, 205 S. W. (2d) 1, 4, where this Court made a statement which is here applicable to wit:

"How can the accused say he has been injured, that any injustice has been done? We frankly cannot see how. At the succeeding term he clearly had all rights that he originally had in the selection of a new jury. He was not prejudiced by the evidence of the prosecution which had been introduced. The fact is he should be materially benefited. Then too, we know that ordinarily the longer a trial of the kind is postponed, the better for the accused."

In the instant case counsel for the plaintiff in error argue that the plea of former jeopardy would not have been good under the decisions of this Court if the accused had been proceeded against under the old indictment but they say that when the prosecution took a nolle prosequi in that indictment and commenced a new proceeding that then this plea of former jeopardy is good.

We cannot agree with this argument. This Court in *Holder* v. *State,* 143 Tenn. 229, 227 S. W. 441, 442, held that an indictment may not be recommitted to a grand jury for amendment at a subsequent term but that at this the subsequent term when it was found that the indictment issued at a former term was defective a new indictment might be procured from the grand jury and that before the trial on it a nolle prosequi could be entered on the first indictment. This Court in the Holder case used this very apt language:

"In a criminal action, if a defendant is not allowed to plead in abatement that another action is pending for the same offense, then in the case under con-

sideration the state could have gone to trial on the second indictment without having first disposed of the first. If both indictments charge the same offense, the defendant, of course, could not be tried on the first indictment after a trial had been had on the second, for that would be to put him twice in jeopardy. We are unable to see how the defendant would be prejudiced where he is tried only one time on a valid indictment for a particular offense.

"* * * In the instant case the defendant was not so discharged, but was held until another indictment was returned. In fact, the trial judge did not quash the first indictment until the second indictment had been returned, and he required the defendant to enter into a recognizance * * *.

"Under the foregoing facts, we are of the opinion that the trial judge did not violate the act in question in quashing the first indictment. To hold otherwise, as previously stated, would be to deny the right of the state to have a defective indictment corrected when such defect was discovered at a term subsequent to that at which the indictment was found."

█ The contention is also made in the brief, although it was not argued at the bar, that the evidence preponderates against the verdict. All that needs to be said in answer to this is what we pointed out at the beginning of this opinion, that is that this whisky was found there in the cars of the plaintiff in error and that he argued with the officers about the amount (of course this in effect is conceding that it was his whisky) and the fact that there is no testimony to the contrary. Of course this assignment too must be overruled. This has been a rather interesting case and after a thorough consideration, for the

reasons stated herein, the judgment below must be affirmed.

█ The record fails to show that the plaintiff in error was ever sentenced according to the verdict of the jury but it does indicate that there is a partial sentence as shown by the minute entry. Under the authority of *Brooks* v. *State,* 156 Tenn. 451, 2 S. W. (2d) 705, it is within our province to pronounce a proper judgment. The judgment of the trial court must thus be affirmed.

### OPINION ON PETITION TO REHEAR

The defendant has filed herein a courteous, dignified and forceful petition to rehear. We appreciate counsel's sincere feeling of obligation to his client—this is indeed commendable.

In support of this petition to rehear counsel cites and relies upon, primarily, our case of *State* v. *Connor,* 45 Tenn. 311, and quotes extensively therefrom. It is true that such language contained in this opinion seems to support the position of the petitioner. We have read this opinion some two or three times. The opinion has been studied extensively by the writer on occasions where it has been cited in other cases heretofore. In our judgment the opinion is not controlling in the instant case because as said in the opinion:

"But in the case under consideration, the nolle prosequi, was entered without any lawful excuse whatever."

Thus the court in the Connor case, after discussing various cases where the doctrine of autrefois acquit would apply, had applied that doctrine and relieved Connor from further prosecution because in the case he was prosecuted to the fullest extent and a nolle prosequi taken, then as the court said, there was no lawful excuse

whatsoever for taking this nolle prosequi and prosecuting Connor again. This very statement which is quoted negatives and answers the primary argument in the present petition, which is to the effect that if a district attorney general is allowed to prosecute a man and then after he has prosecuted him take a nolle prosequi and indict him again and keep on doing so, there would be no end to such prosecution. As said the statement above answers this very question, when the court sees that such a thing has been done the court will immediately strike down the subsequent prosecution.

Under cases of this kind the question as to the necessity of sustaining the plea of autrefois acquit is generally left to the sound discretion of the trial judge. We in the original opinion herein referred to the case of *Etter* v. *State,* 185 Tenn. 218, 205 S. W. (2d) 1, and our reason for doing so was not because the facts were similar to those in the instant case but for an extended discussion on the question of former jeopardy. We in that case quoted from American Jurisprudence to the effect that the trial court might discharge a jury without working an acquittal on the defendant if the ends of justice, under the circumstances, of that particular case demanded that it do so.

In the petition herein counsel has likewise cited and quoted from, at some length, our case of *Scheibler* v. *Steinburg,* 129 Tenn. 614, 167 S. W. 866. This is a civil case and the primary question involved therein is when and what would be a determination of a criminal proceeding so that its dismissal would sound in damages. This case is not authority herein.

This Court in 1870 determined the identical question here involved. In *State* v. *Thurston,* 50 Tenn. 67, it was said:

"The indictment on which the defendant was formerly tried, was held by this Court to be fatally defective, for the reasons stated in the opinion in Thurston v. State, 3 Cold. [Tenn.] [115] 117. In that case, the record failed to show when, where, how, or by whom the court was holden in which the indictment was found, and was in other respects defective, as was shown in the opinion. The plea in this case, shows that, after the judgment was reversed and the cause remanded, the indictment, together with all the proceedings against the defendant, was dismissed, and so the former conviction resulted in nothing. A trial upon the present indictment will not, therefore, put the defendant twice in jeopardy, within the meaning of the Constitution of 1834, Article 1, Section 10, or the same article and section in the Constitution of 1870."

Obviously this is the sound, fair and reasonable application of the rule to apply in the instant case. After the man was first tried and convicted and a motion for new trial was made by him covering certain questions as to the validity of the indictment under which he was tried the trial judge granted him a new trial and it was then that he was re-indicted and the present conviction grew out of this re-indictment. Clearly the trial judge was well within his discretion. Reason and fairness demand that the conviction be upheld.

For the reasons above expressed the petition to rehear must be overruled.