STATE OF TENNESSEE ex rel. BILLY RAYMOND AUSTIN

*v.*

WILBURN JOHNSON, Warden Tennessee State
Penitentiary.

404 S.W.2d 244.

(*Jackson,* April Term, 1966.)

Opinion filed June 3, 1966.

Franklin Murchison, Jackson, for plaintiff in error.

George F. McCanless, Attorney General, and Edgar P. Calhoun, Assistant Attorney General, for the State.

MR. CHIEF JUSTICE BURNETT delivered the opinion of the Court.

This appeal results from the denial of a petition for habeas corpus on behalf of Austin.

In September, 1964, the grand jury returned two indictments against Austin. In each indictment he was charged with burglary in the third degree, larceny and receiving and concealing stolen property.

The case came on for trial in October, 1964, and Austin plead guilty to petit larceny as included in the second count of each indictment, and received a sentence of not more than two years in one case and of not more than three years in the other case. It was ordered that these sentences be served consecutively. Of course, the practical effect of the sentences is that the petitioner was sentenced to serve not less than two years nor more than four years in the penitentiary. See T.C.A. Sections 39-4204, 40-2708, 40-2710 and 40-2711.

While serving his time at the Shelby County Penal Farm Austin filed his first petition for habeas corpus, alleging that he was only seventeen years of age at the time of his conviction. This was joined in by the State and on December 10, 1964, the Criminal Court of Shelby County held that the petitioner was, in fact, only seventeen years of age at the time of these convictions, and that he had not been remanded to the juvenile court as required by law. T.C.A. sec. 37-242, sec. 37-243.

· The trial court suspended the sentences and ordered the petitioner released from custody. On December 21, 1964, the juvenile court waived jurisdiction over petitioner and remanded him to the Criminal Court to be tried as an adult, pursuant to T.C.A. sec. 37-264, sub-section (1) (a).

■ At the January Term, 1965, the grand jury of Shelby County re-indicted petitioner for the same offenses, returning two indictments, each in three counts, as before. A motion to dismiss the indictments was filed, setting up the defense of former jeopardy. This motion was overruled. Thereafter, the petitioner entered pleas of guilty to the first count in each indictment, that is, burglary in the third degree, and was sentenced to three years in each case, the sentences to run concurrently. The practical effect, of couse, of these sentences is that petitioner must serve no less than three years and not more than three years in the penitentitary. The petitioner was given credit for time spent in the workhouse before the commencement of his new sentences.

While the petitioner was serving the second set of sentences he filed a second petition for habeas corpus against the Warden of the State Penitentiary at Nashville, alleging he was, in fact, seventeen years old when convicted the first time, that he was thereafter released on his petition for the writ of habeas corpus, and that he was subsequently re-indicted and convicted a second time for the same offenses. This petition was filed in the Davidson County Criminal Court and was transferred pursuant to the statute to the Criminal Court of Shelby County for disposition, where the present suit was heard. In this suit an answer was filed in behalf of the Warden wherein the issue basically was the defense of

former jeopardy. The Assistant Attorney General takes the position that this had been disposed of when the petitioner's motion was disposed of prior to his second conviction and that no jeopardy attached in the first transaction because the convictions were void.

The record contains considerable testimony of the hearing of the second petition. It is undisputed in this testimony that this petitioner was actually seventeen years of age at the time of his first convictions. There is much evidence though petitioner mislead authorities into prosecuting him as an adult the first time. At the time of his arrest the petitioner carried on his person a driver's license, employment card and draft card, all showing his age to be twenty. In addition, the petitioner admitted his age to be twenty at the time.

This appeal is limited to the question of whether or not Austin was twice placed in jeopardy when he was indicted and sentenced under the two cases above referred to. It is his contention, ably made, that the original judgments, or convictions, were erroneously set aside in the first habeas corpus proceeding for the reason that petitioner's age was not reflected upon the original judgments and, therefore, the original judgments were valid against collateral attack by habeas corpus. The argument in support of this contention is that the Criminal Court of Shelby County in sentencing the petitioner in the first case was a court of general jurisdiction. *Bomar v. State ex rel. Stewart,* 201 Tenn. 480, 300 S.W.2d 885, and *State ex rel. Potter v. Bomar,* 209 Tenn. 577, 354 S.W.2d 767.

Under the holding of the Court in *Bomar v. State ex rel. Stewart,* supra, it is contended the issue of age at the time of the conviction cannot be collaterally questioned when such infirmity is not reflected upon the face

of the judgment, and that since the judgment in the first instance did not show the age of the boy the trial court had no right and authority to grant these petitions in view of our holding in the Bomar case. It is said in effect that since these judgments and first sentences cannot be collaterally attacked because the Criminal Court was one of general jurisdiction it cannot be said, since they were set aside, that the petitioner was not placed in jeopardy as he could have been required to serve the sentences imposed upon him under this first sentencing. In *Bomar v. State ex rel. Stewart,* supra, this Court did hold that when jurisdiction is lacking because of the age of accused there can be collateral inquiry, but the Court in its opinion made this statement:

> "It may be that this Court in many cases involving a juvenile will feel the necessity of making an exception to this rule denying collateral attack in order to carry out this public policy purpose."

In the Bomar case there had been an adjudication of the age at the time of the conviction, and that court of record had found that the accused was eighteen years of age. Later in the habeas corpus proceeding the youth attempted to prove he was only seventeen years of age. This Court held that we could not go behind this judgment and conviction in such a collateral proceeding to show that the judgment was void, when such an infirmity did not show upon the judgment itself subject, of course, to the statement just above quoted from the opinion.

The situation in the present case is not in point with the Bomar case. This is not an appeal from the habeas corpus proceeding which overturned the petitioner's first conviction because of his age. There was no appeal to overturn this conviction and the petitioner was

set free and re-indicted and under the second indictments found guilty, and it was from these indictments and conviction that the present petition is filed. If the trial court erred in applying the law of habeas corpus, as to these first judgments, then the judgment in the petitioner's favor in these first habeas corpus proceedings is not void because the court did have jurisdiction. This Court held such when the State argued a habeas corpus judgment was wrong in *Stinson v. State,* 208 Tenn. 159, 344 S.W.2d 369. See also *Fong Foo v. United States,* 369 U.S. 141, 82 S.Ct. 671, 7 L.Ed.2d 629, where there was jurisdiction but perhaps an erroneous judgment.

■ The courts in recent decisions are in a way tending toward allowing collateral inquiry into judgments in these criminal cases, because of our statute, T.C.A. sec. 40-3411, which provides for the writ of error *coram nobis* in criminal cases. *Coram nobis* relief is provided when there are errors outside the record and for other matters which were not, or could not have been, litigated at the regular trial or in a habeas corpus proceeding. The General Assembly has provided for transcripts of habeas corpus proceedings instituted by persons in prison and for appointment of counsel for such persons, T.C.A. sec. 40-2019 and sec. 40-2029. Also see T.C.A. sec. 23-1840 through sec. 23-1848, regarding the fixing of venue in habeas corpus cases and the procedure for transfer, including a provision for the appointment of a court reporter to transcribe the proceedings and for appointment of counsel. There is no way that counsel thus appointed in either habeas corpus or *coram nobis* proceedings may be compensated by the State because such proceedings, in their nature, are civil rather than criminal proceedings, 25 Am.Jur., sec. 12 p. 151. The Court has felt

recently that it is far better and fairer to have a hearing on these matters especially in view of the action of the Federal Courts in determining constitutional questions arising in State criminal cases, whether or not said errors are shown on the face of the judgment.

Both the Tennessee Constitution and the United States Constitution protect a person from being twice put into jeopardy of life or limb. United States Constitution, Fifth Amendment; Tennessee Constitution, Art I, sec. 10. We have discussed under numerous state of facts when jeopardy does attach. The general rule seems to be that jeopardy attaches when a person is put to trial in a court of competent jurisdiction, upon a valid indictment, and before a jury sworn to try the issues and make deliverance. See *Holt v. State,* 160 Tenn. 366, 24 S.W.2d 886; *Green v. State,* 147 Tenn. 299, 247 S.W. 84, 28 A.L.R. 842; *Hodges v. State,* 45 Tenn. 7; and *Etter v. State,* 185 Tenn. 218, 205 S.W.2d 1.

One is not put in jeopardy when the court which tries him, or attempts to try him, has no jurisdiction of the person or subject matter. Wharton's Criminal Law and Procedure, Anderson, Vol. 1, sec. 139, pages 310 to 314; *Hodges v. State,* supra; *State v. Atkinson,* 28 Tenn. 677; and many others. The Supreme Court of the United States made their latest pronouncement on the subject in *United States v. Tateo,* 377 U.S. 463, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448. In the majority opinion, the court says:

"The Fifth Amendment provides that no 'person [shall] be subject for the same offense to be twice put in jeopardy of life or limb * * *.' The principle that this provision does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to con-

viction is a well-established part of our constitutional jurisprudence.''

Then the court goes on to hold that even where a defendant's conviction has been overturned on collateral attack rather than on direct attack the defendant is not put in double jeopardy.

██ When the trial court sustained the petition for habeas corpus in the first of these cases the man was then turned loose and when there was a subsequent indictment and conviction he cannot assert the defense of this former conviction. We have many decisions that agree under both Federal and State Constitutions when the accused, himself, procures a judgment to be set aside upon his own initiative and he voluntarily accepts the result, then he cannot by his own act avoid the jeopardy in which he stands and then assert it as a bar to a subsequent jeopardy. *Davis v. State,* 199 Tenn. 51, 282 S.W.2d 357, and cases there cited. In the Davis case we said this:

''* * * a defendant, who, upon his own motion, extricates himself from jeopardy will not be permitted to take advantage in a subsequent trial of the court's action in the removal of the jeopardy from him.''

Many authorities are there cited, including *Etter v. State,* supra, and others. This line of reasoning has been followed by the Supreme Court of the United States so far as we know, or can find, down through the history of their cases, such as *Murphy v. Com. of Mass.,* 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711; *Forman v. United States,* 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412, and many others.

Thus it is, as we see it, regardless of what the basis was in setting aside these first judgments on the petition

442

for habeas corpus what we said in *Etter v. State,* supra, is equally applicable here, when we said:

"How can the accused say he has been injured, that any injustice has been done? We frankly cannot see how. At the succeeding term he clearly had all rights that he originally had in the selection of a new jury. He was not prejudiced by the evidence of the prosecution which had been introduced. The fact is he should be materially benefited. Then too, we know that ordinarily the longer a trial of the kind is postponed, the better for the accused."

We take this opportunity to express our appreciation to appointed counsel for his very able assistance and the untold amount of work he has done in representing the petitioner in this habeas corpus suit, and doing this without compensation because of his duty as a member of the bar of this State.

Thus it is, after careful consideration of the petitioner's contentions we are eminently satisfied that justice has been done and that the man has had a fair trial and that for the reasons herein set forth the plea of former jeopardy is of no avail. For these reasons the judgment below must be affirmed.