KENNETH L. PATTEN, Plaintiff in Error,

*v.*

STATE OF TENNESSEE, Defendant in Error.

426 S.W.2d 503.

(*Knoxville,* September Term, 1967.)

Opinion filed March 29, 1968.

338

PAUL W. SORRICK, JR., Chattanooga, for plaintiff in error.

GEORGE F. McCANLESS, Attorney General., and ROBERT F. HEDGEPATH, Assistant Attorney General, Nashville, for defendant in error; and EDWARD E. DAVIS, District Attorney General, Chattanooga, prosecuted the case in the trial court.

MR. JUSTICE CRESON delivered the opinion of the Court.

This appeal comes from the Criminal Court of Hamilton County, Tennessee. The parties will be referred to herein as they appeared in the trial court; that is, plain-

tiff in error, Kenneth L. Patten, as defendant, and defendant in error as the State.

On January 29, 1964, the defendant was indicted for armed robbery. He was tried and found guilty as charged in the indictment. Judgment was entered on March 19, 1964, sentencing the defendant to forty years in the State Penitentiary. No appeal was taken from this judgment. On January 21, 1966, a petition for writ of habeas corpus was filed in the United States District Court for the Middle District of Tennessee.

On July 27, 1966, a judgment was entered in the District Court for the Middle District of Tennessee, concluding that the defendant's prior conviction for armed robbery was void, and ordering that the defendant be released from further custody, or remanded to the custody of the Sheriff of Hamilton County, Tennessee, for retrial.

The cause having been reinstated on the docket of the Hamilton County Criminal Court, the usual procedure to bring the case to issue followed.

On August 26, 1966, the defendant filed a "special plea of former conviction." This special plea made the point that his retrial was prohibited by Article 1, Section 10 of the Constitution of the State of Tennessee, and by Amendments 5 and 14 to the Constitution of the United States of America. This plea was subsequently overruled. The defendant was retried on November 18, 1966. The jury again found the defendant guilty of armed robbery, and fixed his punishment at twenty years in the State Penitentiary. Judgment was entered in accord with the jury's verdict. A motion for a new trial was timely made and was overruled.

Appeal was perfected to this Court, assigning several errors. Seeing that reversal was necessary, this Court considered only two of those assignments in an opinion released, but not for publication, June 16, 1967. Petitions to rehear were filed by both the defendant and the State. These petitions were granted, the case restored to the docket, and further oral argument presented. The present opinion disposes of every material aspect of the case.

As the case must be reversed, consideration will be directed to those issues which will, or might, affect the retrial. Those questions involve (1) the plea of double jeopardy, (2) the admissibility of evidence seized in a search of defendant's room, (3) the admissibility of defendant's confession, and (4) the validity of the verdict.

█ The defendant first asserts that the retrial, and any further retrial, would violate his right not to be put in jeopardy twice for the same offense. In the recent case of *State ex rel Austin v. Johnson,* 218 Tenn. 433, 404 S.W.2d 244 (1966), this Court held that the defense of double jeopardy was not available to a defendant on retrial when the original decision was set aside on appeal.

The Court stated as follows:

"(7, 8) When the trial court sustained the petition for habeas corpus in the first of these cases the man was then turned loose and when there was a subsequent indictment and conviction he cannot assert the defense of this former conviction. We have many decisions that agree under both Federal and State Constitutions when the accused, himself procures a judgment to be set aside upon his own initiative and he voluntarily accepts the result, then he cannot by his own act avoid the jeopardy in which he stands and then assert it as

a bar to a subsequent jeopardy. *Davis v. State,* 199 Tenn. 51, 282 S.W.2d 357, and cases there cited. In the Davis case we said this:

'* * * a defendant, who, upon his own motion, extricates himself from jeopardy will not be permitted to take advantage in a subsequent trial of the court's action in the removal of the jeopardy from him.'

Many authorities are there cited, including *Etter v. State,* supra [185 Tenn. 218, 205 S.W.2d 1], and others. This line of reasoning has been followed by the Supreme Court of the United States so far as we know, or can find, down through the history of their cases, such as *Murphy v. Commonwealth of Massachusetts,* 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711; *Forman v. United States,* 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412, and many others.

Thus it is, as we see it, regardless of what the basis was in setting aside these first judgments on the petition for habeas corpus what we said in *Etter v. State,* supra, is equally applicable here, when we said:

'How can the accused say he has been injured, that any injustice has been done? We frankly cannot see how. At the succeeding term he clearly had all rights that he originally had in the selection of a new jury. He was not prejudiced by the evidence of the prosecution which had been introduced. The fact is he should be materially benefited. Then too, we know that ordinarily the longer a trial of the kind is postponed, the better for the accused.' "

From the above it must be concluded that for the purpose of double jeopardy the retrial is a continuation

of the original proceeding. The defendant seeks to distinguish his case from the above cited cases by saying that the defect here was not "leading to conviction" but a deprivation of constitutional rights "after the conviction." In the present case the defendant had been in prison for approximately two years when the Federal District Court granted his writ of habeas corpus. The defendant states that he did not ask for a new trial in his writ of habeas corpus to the Federal Court but merely challenged the validity of his confinement. What this overlooks is that in order to grant his release, the Federal District Court re-examined the previous trial and declared the judgment void. The effect of this ruling is substantially the same as where the judgment is reversed on appeal. In both instances, the old judgment is completely emasculated and a new trial is made possible. Many of the preliminary steps of the original proceeding remain valid, including the indictment.

 Defendant next complains that the evidence obtained by the search of the defendant's room was not admissible because the arrest was illegal, thereby making the search and seizure unreasonable and unlawful. The arrest in this case was made without a warrant, but this is permitted by T.C.A. sec. 40-803 if the officer has reasonable cause to believe that a particular person committed a felony. The facts show that reasonable cause was present: (1) A witness saw the defendant and a companion run from the liquor store, get into a light 1955 Ford and drive down Old Saint Elmo Avenue; (2) the police were able to track a 1955 Ford to the defendant's motel by tracks made by the car as it was driven through some water-filled chuck holes on Old Saint Elmo Avenue;

(3) when the car was located, the hood was warm, indicating that it had been driven very recently; and (4) the officers obtained the name of the owner from the desk clerk and proceeded to the motel room to make the arrest.

█ The record shows that the officers identified themselves upon entering the room and placed the defendant and his male companion under arrest. In a search of the room, the officers located four revolvers and a large amount of money, which were subsequently introduced into evidence. This search and seizure was incidental to a lawful arrest, and the evidence obtained was admissible.

█ Error is assigned for the trial court's action in admitting into evidence testimony concerning a confession made by the defendant to certain police officers and reduced to writing. It is argued that the defendant, an indigent person, was not advised of his constitutional right to court appointed counsel prior to making the self-incriminating statements. The defendant relies on the standards established by the recent United States Supreme Court opinion in *Miranda v. State of Arizona* (1966) 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed2d 694. But the mandates of *Miranda* only apply prospectively; that is, to cases commenced after June 13, 1966. In *Murphy v. State,* 221 Tenn. 351, 426 S.W.2d 509 decided today by this Court, it was held that for the purpose of determining the admissibility standards to be applied to confessions, the rules of *Miranda* are not applicable, to the retrial of the case which was originally tried before the date of the *Miranda* decision. In the present case, defendant's original trial began on August 3, 1965; consequently, the *Miranda* decision is not controlling.

The final assignment of error requires reversal. At the trial, the judge selected an alternate juror, pursuant to T.C.A. sec. 22-222. The record shows that when the case was submitted to the jury, the alternate juror retired with the regular jurors, with the instruction from the court that he was to take no part in the deliberations or the votings. This action by the trial judge was in direct violation of the statute, sec. 22-222, which states that the alternate juror "shall be discharged upon the final submission of the case to the jury."

The criminal defendant is guaranteed a right of trial by jury. This right has been interpreted to be a trial by jury as it existed and was in force and use according to the course of the common law under the laws and constitution of North Carolina at the time of the adoption of the Tennessee Constitution in 1796. *Garner v. State* (1833) 13 Tenn. 160; *McGinnis v. State* (1848) 28 Tenn. 43; *Trigally v. Mayor, etc., of City of Memphis* (1869) 46 Tenn. 382; *Marler v. Wear* (1906) 117 Tenn. 244, 96 S.W. 447. The common law jury was twelve men, no more and no less. 31 Am. Jur., Jury, sec. 121, p. 107. While it is now possible to waive a jury trial or to waive the number of jurors, no provision exists which allows additional persons within the confines of the jury deliberation. In this case it would have been possible for this additional juror to have influenced the other members of the jury without his ever being required to face the moment of truth by casting a vote. To allow the additional juror to be present in the jury room during deliberations is contrary to the common law, the principles embedded in the concept of the jury trial, and the applicable statutory provision, sec. 22-222.

The judgment of the trial court is reversed and the case is remanded for a new trial.

BURNETT, CHIEF JUSTICE, and DYER, CHATTIN and HUMPHREYS, JUSTICES, concur.