KENNETH L. PATTEN, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

452 S.W.2d 664.

Court of Criminal Appeals of Tennessee. Aug. 19, 1969.

On Rehearing Sept. 29, 1969.

Certiorari Denied by Supreme Court March 16, 1970.

H. H. Gearinger, Chattanooga, for plaintiff in error.

George F. McCanless, Atty. Gen., and W. Collins Bonds, Asst. Atty. Gen., Nashville, Jerry Foster, Asst. Dist. Atty. Gen., Chattanooga, for defendant in error.

## OPINION

DWYER, Judge.

On February 11, 1969, the defendant below, Kenneth L. Patten, was tried in Division I of the Criminal Court of Hamilton County. He was convicted of armed robbery and sentenced to twenty (20) years confinement in the State Penitentiary. A motion for a new trial was seasonably made, heard and overruled and appeal in

the nature of a writ of error was prayed for and granted to this Court.

His assignments of error pertaining to his conviction had on February 11, 1969, in Division I of the Criminal Court of Hamilton County are as follows:

1. Defendant had been convicted in his first trial of armed robbery and did not appeal from this conviction so that when he was ordered released from custody upon a writ of habeas corpus issued by a Federal District Judge for the Middle District of Tennessee, he could not be tried again on that charge because his conviction, which he had not appealed, had become final.

2. The lineup and identification of the defendant was contrary to the standards enunciated in the *Wade-Gilbert-Denno* cases.

3. Allowing into evidence the incriminating statement of Patten in that it should have been excluded for reasons that it was not obtained in accordance with stanards enunciated in the Miranda v. Arizona cases, 384 U.S. 436, 86 S.Ct. 1602, 19 L.Ed.2d 694, decided in June, 1966.

In order to properly evaluate defendant's assignments of error, it is necessary to review the history of the proceedings.

On January 4, 1964, around the hour of 8:00 p.m., defendant and another man at gunpoint, held up a clerk in a liquor store in the City of Chattanooga, from which robbery they obtained the sum of $292.

They were apprehended in a motel room some blocks removed from the scene of the holdup about an hour later.

They were transported to headquarters. There they were placed in a lineup with six or seven other men. They were identified by the victim of the holdup. Shortly thereafter the defendant personally prepared and gave to the officers a typewritten statement admitting his guilt. He did not testify or offer any proof at the instant trial, and there was little contest about the facts.

On January 29, 1964, the defendant was tried and found guilty by a jury of armed robbery in Division I of the Criminal Court of Hamilton County with a resulting sentence of forty (40) years in the State Penitentiary, from which sentence he did not perfect an appeal.

On January 21, 1966, a petition for a writ of habeas corpus was filed by the defendant in the United States District Court for the Middle District of Tennessee.

On July 27, 1966, a judgment was entered in the United States District Court for the Middle District of Tennessee, ordering the defendant released from further custody or remanded to the sheriff of Hamilton County for retrial.

On November 18, 1966, the defendant was retried in Division I of the Criminal Court of Hamilton County. He was again found guilty by a jury of armed robbery and punishment fixed at twenty (20) years in the State Penitentiary. An appeal was duly perfected to the Supreme Court of the State of Tennessee.

On March 29, 1968, the Supreme Court reversed and remanded the cause on the ground that the alternate or thirteenth juror had participated in the deliberation. This opinion is reported in 221 Tenn. 337, 426 S.W.2d 503. Another assignment of error in that case was that the

trial court erroneously overruled his special plea of former conviction, by which he insisted that he could not be subjected to another trial for the same offense after successfully challenging his first unappealed conviction by habeas corpus in the Federal Court.

■ In deciding defendant's first assignment of error the Court adopts the language in Patten v. State, 221 Tenn. 337, 426 S.W.2d 503 (1968):

> "(7, 8) When the trial court sustained the petition for habeas corpus in the first of these cases the man was then turned loose and when there was a subsequent indictment and conviction he cannot assert the defense of this former conviction. We have many decisions that agree under both Federal and State Constitutions when the accused, himself procures a judgment to be set aside upon his own initiative and he voluntarily accepts the result, then he cannot by his own act avoid the jeopardy in which he stands and then assert it as a bar to a subsequent jeopardy. Davis v. State, 199 Tenn. 51, 282 S.W.2d 357, and cases there cited. In the *Davis* case we said this:

>> '* * * a defendant, who, upon his own motion, extricates himself from jeopardy will not be permitted to take advantage in a subsequent trial of the court's action in the removal of the jeopardy from him.'

> Many authorities are there cited, including Etter v. State, *supra* (185 Tenn. 218, 205 S.W.2d 1), and others. This line of reasoning has been followed by the Supreme Court of the United States so far as we know, or can find, down through the history of their

cases, such as Murphy v. Commonwealth of Massachusetts, 177 U.S. 155, 20 S.Ct. 639, 44 L.Ed. 711; Forman v. United States, 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412, and many others.

"Thus it is, as we see it, regardless of what the basis was in setting aside these first judgments on the petition for habeas corpus what we said in Etter v. State, *supra,* is equally applicable here, when we said:

'How can the accused say he has been injured, that any injustice has been done? We frankly cannot see how. At the succeeding term he clearly had all rights that he originally had in the selection of a new jury. He was not prejudiced by the evidence of the prosecution which had been introduced. The fact is he should be materially benefited. Then too, we know that ordinarily the longer a trial of the kind is postponed, the better for the accused.' "

Accordingly, defendant's first assignment of error is overruled.

The second assignment complains of the lineup procedure and the admission into evidence of the identification of Patten in the police headquarters following his arrest, in that the standards enunciated in the *Wade-Gilbert* decisions were not complied with. The record of the trial reflects that shortly after Patten was arrested he was transported to the City Jail in Chattanooga. The victim of the holdup, Mr. Crox, viewed the lineup through a window in a door in one of the rooms at police headquarters. In the lineup was the defendant with six or seven other men. Nothing in the record reflects that the

victim of the holdup, Mr. Crox, was encouraged or assisted in any manner in making his identification of the defendant. This lineup and his identification of the defendant as one of the two holdup men took place within two hours after he had been held up. No objection was made to this evidence in the trial of the case at the time of introduction. The witness, Mr. Crox, was cross-examined thoroughly in an effort to impeach the witness as to his being able to identify the defendant, which was not successful. The United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149 and Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, cases were decided on June 12, 1967. In the Stovall v. Denno case, 388 U.S. 293, 87 S.Ct. 1967, 18 L.Ed.2d 1199, the Supreme Court of the United States, Mr. Justice Brennan speaking for the Court, stated:

"We hold that *Wade* and *Gilbert* affect only those cases and all future cases which involve confrontations for identification purposes conducted in the absence of counsel after this date (June 12, 1967)." (p. 1969)

Justice Brennan again speaking for the Court:

"However, a claim of violation of due process of law in the conduct of a confrontation depends on the 'totality of the circumstances surrounding it.'"

After reviewing the record in this cause and the "totality of the circumstances" surrounding the lineup, we find no deprivation of any constitutional right of the defendant. The lineup and the identifying of the defendant occurred on January 4, 1964; so, therefore, the standards enunciated in the *Wade* and *Gilbert* cases *supra,* are not ap-

plicable in the present case. We therefore accordingly overrule this assignment of error.

In the defendant's third assignment of error he complains of the introduction of his confession into evidence. He asserts that his first conviction on January 29, 1964, in which he received a sentence of forty (40) years and did not appeal, had become final and that when the Federal District Judge ordered him released from custody he could not be tried on that charge again. He contends further that his second trial was null and void because he could not be tried again on the same indictment, and that to do so constituted "former jeopardy." He also contends that the instant trial on February 11, 1969, was prohibited by his plea of "former jeopardy." He reasons that this, then, must be regarded as his first trial and that the rule enunciated in Miranda v. Arizona, *supra,* should apply so as to render his confession inadmissible. We have already discussed the "former jeopardy" plea in reaching defendant's assignment of error number one, which we have discussed and found without merit. In his contention as to the admissibility of his confession, the test is whether it was freely and voluntarily given. At the introduction of the confession in the trial a timely objection was made, and the Court ordered the jury to be excluded from the courtroom. Detective Pat Rowe testified that he had advised Patten of his right to be silent and his right to an attorney and the defendant made and gave a confession freely and voluntarily.

Defendant denied being advised of his rights. He said he was confronted with the confession of his co-defendant and testified he felt he had to say something to offset this statement. Two other detectives, Capt. Carl

Stone and James Davis, were called and testified as to the free and voluntary confession made by the defendant. This hearing apart from the jury covers forty-eight pages of the transcript in this case. The Court found as a matter of law that the confession of Patten was freely and voluntarily made and given. It met the standards of law at the time in submitting confessions to the jury that it be a free and voluntary assertion of the defendant.

■ ■ In Murphy v. State, 221 Tenn. 351, 426 S.W.2d 509 (1968) our Supreme Court ruled that the standards enunciated in the Miranda v. Arizona case, *supra,* pertaining to confessions are not applicable to retrial of a case tried before the *Miranda* decision, dated June 13, 1966. This finding by our Supreme Court of the State of Tennessee was very recently sustained by the Supreme Court of the United States in the Jenkins v. Delaware case, 395 U.S. 213, 89 S.Ct. 1677, 23 L.Ed. 2d 253, decided on June 2, 1969. In that decision Mr. Chief Justice Warren said:

> "We hold that *Miranda* does not apply to any retrial of a defendant whose first trial commenced prior to June 13, 1966."

Of course this Court is bound by law to follow the dictates of our Supreme Court when it interprets the law of our State. We are also bound by oath and law to follow the dictates of the Supreme Court of the United States when it defines the law. It therefore follows that the defendant's third assignment of error is overruled.

We therefore conclude the judgment of the trial court should be and is hereby affirmed.

OLIVER and RUSSELL, JJ., concur.

## ON PETITION TO REHEAR

DWYER, Judge.

On August 19, 1969, the Court's opinion affirming the conviction of the defendant Patten was filed by the clerk of the Court. On August 21, 1969, a petition to rehear was filed by the defendant. On August 26, 1969, a "Supplemental Petition to Rehear" was filed by the defendant. The Court has considered the petition to rehear and the authorities relied upon therein. There are no new issues or authorities raised or that have not been considered by this Court in arriving at its decision in this petition to rehear. In defendant Patten's "Supplemental Petition to Rehear" he relies upon Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707, advance sheets of July 15, 1969, as his authority for this Court to reconsider its opinion and grant the defendant a rehearing.

■ We have read Benton v. Maryland, *supra*. We agree and accept the tenets and precepts of that decision. They are in no wise in conflict with our opinion and holdings in our opinion affirming Patten's conviction. What counsel for Patten is overlooking is that Patten was *not acquitted* but was convicted of armed robbery. (Emphasis added.) Benton was aquitted of the larceny count in his first trial and convicted of burglary. On retrial he was *convicted of both offenses*. (Emphasis added.) Nowhere in Patten's *original* or *retrial* or *re-retrial* was he acquitted of an offense and retried again on an offense of which he had been acquitted. (Emphasis added.) Benton had a *valid* double jeopardy claim under the facts and circumstances in his case. (Emphasis added.) Patten does not. What the defendant is over-

looking is that the Federal District Court, in ordering Patten discharged, declared the judgment of conviction was void. He did not order that Patten could not be tried again. The action taken by the Federal District Court did not make the original indictment of Patten void. It remained in full force and effect.

"Long-established constitutional doctrine makes clear that, beyond the requirement already discussed, the guarantee against double jeopardy imposes no restrictions upon the length of a sentence imposed upon reconviction. At least since 1896, when United States v. Ball, 163 U.S. 662, 16 S.Ct. 1192, 41 L.Ed. 300, was decided, *it has been settled that this constitutional guarantee imposes no limitations whatever upon the power to retry a defendant who has succeeded in getting his first conviction set aside.*

*'The principle that this provision does not preclude the Government's retrying a defendant whose conviction is set aside because of an error in the proceedings leading to conviction is a well-established part of our constitutional jurisprudence.'*

United States v. Tateo, 377 U.S. 463, 465, 84 S.Ct. 1587, 1589, 12 L.Ed.2d 448. And at least since 1919, when Stroud v. United States, 251 U.S. 15, 40 S.Ct. 50, 64 L.Ed. 103, was decided, it has been settled that a corollary of the power to retry a defendant is the power, upon the defendant's reconviction, to impose whatever sentence may be legally authorized, whether or not it is greater than the sentence imposed after the first conviction.

*'That a defendant's conviction is overturned on col-*

> *lateral rather than direct attack is irrelevant for these purposes,* see Robinson v. United States, 6 Cir., 144 F.2d 392, 396, 397, aff'd on another ground, 324 U.S. 282, 65 S.Ct. 666, 89 L.Ed. 944.'

United States v. Tateo, *supra,* 377 U.S. at 466, 84 S.Ct., at 1589.

"Although the rationale for this 'well-established part of our constitutional jurisprudence' has been variously verbalized, *it rests ultimately upon the premise that the original conviction has, at the defendant's behest, been wholly nullified and the slate wiped clean.* As to whatever punishment has actually been suffered under the first conviction, that premise is, of course, an unmitigated fiction, as we have recognized in Part I of this opinion. But, so far as the conviction itself goes, and that part of the sentence that has not yet been served, it is no more than a simple statement of fact to say that the slate *has* been wiped clean. The conviction *has* been set aside and the unexpired portion of the original sentence will never be served. A new trial may result in an acquittal. But if it does result in a conviction, we cannot say that the constitutional guarantee against double jeopardy of its own weight restricts the imposition of an otherwise lawful single punishment for the offense in question. *To hold to the contrary would be to cast doubt upon the whole validity of the basic principle enunciated in United States v. Ball, supra, and upon the unbroken line of decisions that have followed that principle for almost 75 years. We think those decisions are entirely sound, and we decline to depart from the concept they reflect.*" North

Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656, advance sheets of July 15, 1969. (Emphasis added.)

The petition to rehear is denied. The Court admires the zeal of court-appointed counsel.

OLIVER and RUSSELL, JJ., concur.