STATE of Tennessee, Appellee,

v.

William T. COLLINS, Appellant.

Court of Criminal Appeals of Tennessee, at Knoxville.

June 25, 1985.

Permission to Appeal Denied by Supreme Court Sept. 3, 1985.

W.J. Michael Cody, Atty. Gen., Robin J. Mitchell, Asst. Atty. Gen., Nashville, William R. Mooney, Robert Cupp, Asst. Dist. Attys. Gen., Johnson City, for appellee.

Dan Garfinkle, William C. Wilson, Nashville, for appellant.

## OPINION

WALKER, Presiding Judge.

The defendant, William Collins, appeals from his conviction on May 17, 1984, of first degree murder and sentence to life imprisonment.

Prior to this conviction, Collins had entered a plea of guilty to the lesser included offense of second degree murder and had been sentenced to 30 years' imprisonment. On May 27, 1983, he attacked that conviction by petition for postconviction relief. On October 28, 1983, the trial court set aside that guilty plea.

On his appeal, Collins contends (1) that the trial court erred in denying his motion for new trial based on newly discovered evidence; (2) that he should have been found guilty of no greater offense than voluntary manslaughter; (3) that the court lacked authority to set aside his initial plea to second degree murder and therefore his conviction of first degree murder violates his right against double jeopardy.

The state's evidence, which the jury accredited, showed that in the late afternoon of September 19, 1980, the defendant and the victim, James Bailey, had an argument in the Corrall Lounge, after which the victim started home in a pickup truck driven by Tex Lee Shumate. After they left the lounge, the defendant and Kenneth Paul Presnell left in the defendant's car and followed the victim. Presnell testified that the defendant produced a .38 caliber derringer and laid it on his lap. He said that with it he was afraid of no one. Presnell said that the defendant was attempting to get as close as possible to the pickup truck containing Tex and the victim. On Presnell's request the defendant let him out of the car.

Tex Lee Shumate testified that the defendant followed him and the victim. Collins pulled alongside and shot the victim in the neck. The wound was fatal.

Carolyn S. Nichols testified that the defendant came to her home on that evening, and told her that he had gotten into an argument with Bailey and had tried to shoot him twice and did shoot him in the neck the third time; that he meant to shoot Bailey in the head.

Testifying in his own behalf, the defendant said that he saw Bailey and Shumate at the Corrall Lounge on this occasion but denied having any argument or words with Bailey. He learned of the killing on the radio the next night.

The defendant's mother and father testified that he was at their home at the time of the shooting.

In rebuttal Ricky Nichols, son of Carolyn Sue Nichols, testified that he heard the defendant laugh about shooting a man.

On the first issue, the defendant says that he has discovered new evidence that suggests that an arrangement was made through the prosecuting office in Washington County for the release of one Howard Nichols, an inmate of the Department of Corrections, in exchange for the testimo-

ny of his wife and son (Carolyn Sue Nichols and Ricky Nichols) in this case. The defendant says the trial judge abused his discretion in denying the motion for a new trial on this ground.

The evidence on the motion for a new trial showed that Nichols was brought from the penitentiary to Washington County on May 2, 1984, and released to the custody of the Johnson City Police Department and the F.B.I. to testify in another matter. He was on an escape status at the time of the hearing.

The district attorney general testified that at no time did he initiate or take any part in any offer of assistance to Nichols in exchange for the testimony of his wife and son.

■ The granting or refusing of a new trial on the basis of newly discovered evidence is within the sound discretion of the trial court. *Jones v. State*, 519 S.W.2d 398 (Tenn.Cr.App.1974).

■ When the only effect of the newly discovered evidence is to discredit the testimony of the witness at the original trial, to contradict a witness' statement or to impeach a witness, a new trial will not be granted. *Clarke v. State*, 218 Tenn. 259, 402 S.W.2d 863 (1966).

■ Also, when the alleged new evidence would not likely produce a different result at a new trial, it will be denied. *State v. Lequire*, 634 S.W.2d 608 (Tenn.Cr. App.1981).

■ The state's proof in this case relied not only on the testimony of the two witnesses being impeached by the defense, but also on the testimony of an eyewitness to the events surrounding the shooting. We think that no different result would occur. This issue is meritless.

On his second issue the defendant argues that the proof is insufficient to sustain first degree murder. He says he should have been convicted of no offense greater than voluntary manslaughter.

The defendant insists that taking the testimony of the state's witnesses, in its best light, there exists adequate provocation from the argument at the Corrall, inducing within the defendant a sudden motive of revenge which should negate any idea of malice.

The state's proof, as offered through witness Presnell, showed that the defendant left the Corrall Lounge immediately after the victim left. He indicated to Presnell that he had a pistol and followed the victim at a high rate of speed in an effort to get close enough for an accurate shot. He later indicated that he had intended to shoot the victim in the head.

■ All of the elements of first degree murder are shown in this case. On appeal the state is entitled to the strongest legitimate view of the evidence and all reasonable inferences that may be drawn therefrom. *State v. Cabbage*, 571 S.W.2d 832, 836 (Tenn.1978). Any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); T.R.A.P., 13(e).

In his final issue, the defendant says that the trial court lacked authority to set aside his guilty plea to second degree murder and therefore the verdict of first degree murder is void as being in violation of his right against double jeopardy.

On or about September 27, 1982, Collins entered a plea of guilty to second degree murder and received a sentence of 30 years. Thereafter he filed his petition for postconviction relief asking for a new trial based on his contention that he pled guilty under duress and without sufficient understanding of his rights and of the proceedings against him.

On September 9, 1983, an agreed order was entered and the case set for a hearing on the merits. On October 28, 1983, Collins appeared with counsel and requested the court to set aside his guilty plea and sentence of 30 years. The court granted that motion. He now says that he should not have been held to answer for a charge any greater than second degree murder, the

charge to which he had originally entered a plea of guilty and which was set aside in the postconviction proceedings at his own request.

Collins points out that the court did not make any findings of violations of his constitutional rights and he therefore contends that it had no authority to set aside his conviction. He relies on *State v. Carter*, 669 S.W.2d 707 (Tenn.Cr.App.1984), where we held that in a postconviction proceeding the act authorizes the trial judge only to set aside a void or voidable judgment, or, when appropriate, to order a delayed appeal. He insists that the court's order setting aside his guilty plea was void ab initio due to lack of either authority or jurisdiction and his subsequent trial was in violation of his right against double jeopardy.

■ In this case Collins attacked his conviction by a petition alleging numerous violations of his constitutional rights. Although the trial judge made no specific findings of constitutional violations, he granted the petitioner the relief he sought. Specifically, Collins asked for a new trial and supplied sufficient reasons for his application. We do not think that the petitioner, having obtained the relief he requested, may now insist that the court could not grant it.

■ When a convicted defendant seeks and obtains reversal of his conviction and a new trial, the fact that a second sentence increases his punishment does not render it invalid. *Brown v. State*, 1 Tenn. Cr.App. 462, 445 S.W.2d 669 (1969). When the accused himself procures a judgment to be set aside upon his own initiative and he voluntarily accepts the result, then he cannot by his own act avoid the jeopardy in which he stands and then assert it as a bar to a subsequent jeopardy. *State ex rel. Austin v. Johnson*, 218 Tenn. 433, 404 S.W.2d 244 (1966).

This issue is without merit.

The judgment is affirmed.

TATUM and SCOTT, JJ., concur.