**STATE of Tennessee, Appellee,**

v.

**Leslie J. CLEMONS, Appellant.**

Court of Criminal Appeals of Tennessee,
at Nashville.

July 9, 1992.

Permission to Appeal Denied by
Supreme Court Oct. 26, 1992.

---

Gerald L. Melton, District Public Defender, Murfreesboro, for appellant.

Charles W. Burson, Atty. Gen. and Reporter, Kathy M. Principe, Asst. Atty. Gen., Nashville, Guy R. Dotson, Dist. Atty. Gen., William C. Whitesell, Jr., David L. Puckett, Asst. Dist. Attys. Gen., Murfreesboro, for appellee.

## OPINION

SUMMERS, Judge.

This appeal is presented pursuant to Rule 37 of the Tennessee Rules of Criminal Procedure. The appellant, Leslie J. Clemons, pled guilty to the offense of robbery, and reserved a certified question of law to be resolved by this Court. We affirm the judgment of conviction.

The appellant was indicted in June 1979 for armed robbery. On November 19, 1979, he pled guilty and received a sentence of 10 years in the penitentiary. After serving time in the Tennessee State Penitentiary, the appellant was released on parole; but in 1987 he was again indicted and convicted of a similar offense. Whereupon, the appellant was sentenced to life in the penitentiary under the habitual criminal statute. The 1979 conviction was one of the predicate felony convictions used to convict the appellant of being a habitual criminal. When the subsequent offense was committed, appellant's parole for the 1979 conviction was revoked.

While serving time in the penitentiary, the appellant attacked the validity of the 1979 conviction by filing a petition for post-conviction relief which was heard and granted on April 16, 1990. The trial court found that appellant's 1979 guilty plea was entered in contravention of the Fifth Amendment of the United States Constitution. Accordingly, the 1979 conviction was set aside; and the case was reinstated to the active trial docket. By the time the case was set for retrial, the appellant had fully served the 10–year sentence originally entered. It was appellant's opinion that a retrial and resentencing, after complete satisfaction of the original sentence, should be barred by the double jeopardy provisions of the U.S. Constitution. The trial court disagreed. Therefore, the appellant and the state entered a plea bargain allowing appellant to plead guilty and receive the exact same sentence entered in 1979 with credit for time served. In other words, the appellant would have to serve no more time; but the conviction would again be placed on his record.

No one disputes that the only reason post-conviction relief was sought on the 1979 conviction was to allow for a subsequent attack of his habitual criminal status. However, his reason for attacking the validity of the conviction has no bearing on the constitutionality of a retrial.

 Despite the fact that he initiated the post-conviction action which resulted in the first judgment being set aside, appellant maintains that the trial judge acted unconstitutionally by entering a judgment against him a second time. The appellant presents an interesting argument that after fully serving the sentence originally imposed, he should enjoy a reasonable expectation of finality. He cites several federal cases in support of his argument. See *United States v. Foumai*, 910 F.2d 617 (9th Circuit 1990); *United States v. Arrellano-Rios*, 799 F.2d 520 (9th Circuit 1986). Although persuasive, these cases are not binding on this Court nor do they stand for the proposition of law presented by the appellant. We acknowledge that our Supreme Court has recognized this "reasonable expectation of finality" standard, [see *State v. Griffith*, 787 S.W.2d 340 (Tenn.1990) ]; but again, we are presented with no case applying such a standard to a factual situation similar to the case at bar.

 Where a defendant seeks and obtains the invalidation of a judgment and dismissal is based on a technical or procedural reason, "there is no former jeopardy problem in retrial." *State v. Campbell*, 641 S.W.2d 890, 893 (Tenn.1982). The late Judge Mark Walker wrote:

> When the accused himself procures a judgment to be set aside upon his own initiative and he voluntarily accepts the result, then he cannot by his own act avoid the jeopardy in which he stands and then assert it as a bar to a subsequent jeopardy.

*State v. Collins*, 698 S.W.2d 87, 90 (Tenn. Crim.App.1985). Indeed, if a defendant successfully challenges his conviction in a post-conviction action, the state may seek to try him a second time or, if the parties wish, enter into a plea agreement. The statute clearly contemplates a retrial when a conviction is set aside. We do not accept appellant's argument that double jeopardy prohibits the retrial of a defendant who successfully challenges his conviction subsequent to the fulfillment of the initial sentence.

Our Supreme Court has held that one may file a post-conviction petition, even after fully serving a sentence, as long as the petitioner remains subject to collateral legal consequences due to the challenged conviction. *State v. McCraw*, 551 S.W.2d 692 (Tenn. 1977). We find it ever doubtful, however, that the Supreme Court or the General Assembly intended a petitioner to enjoy the privilege of the legislation without being subject to a subsequent prosecution upon the successful challenge of a conviction.

For the foregoing reasons, the lower court's judgment is affirmed.

DWYER and PEAY, JJ., concur.