IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
HEARD AT JACKSON
September 12, 2000 Session

## WILLIAM COLLINS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Washington County**
**No. 20408  Lynn W. Brown, Judge**

**No. E1999-02759-CCA-R3-PC**
**November 2, 2000**

Because the trial court properly treated a habeas corpus petition as one for post-conviction relief and because the statute of limitations barred any review of constitutional issues, the petition was properly dismissed.

**Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed.**

GARY R. WADE, P.J., delivered the opinion of the court, in which DAVID G. HAYES and THOMAS T. WOODALL, JJ., joined.

William Collins, Mountain City, Tennessee, pro se.

Paul G. Summers, Attorney General & Reporter, Patricia C. Kussmann, Assistant Attorney General, Victor Vaughn, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

The petitioner, William Collins, filed a petition for writ of habeas corpus and, in the alternative, post-conviction relief. The trial court treated the petition as one for post-conviction relief and entered an order of dismissal. The record demonstrates that the petitioner filed a motion to amend along with several other motions after the order of dismissal was entered. While those motions were originally denied, the trial court's ruling was later set aside, after which the petitioner filed a notice of appeal. Because there has been no disposition by the trial court of any of the issues presented after the entry of the order of dismissal, those issues will not be considered in this appeal.

The single issue presented for review is whether the petition was properly dismissed as barred by the applicable statute of limitations. The judgment dismissing the petition is affirmed.

On May 17, 1984, the petitioner was convicted of the September 19, 1980, first degree murder of James Bailey. The victim was shot in the neck by a .38 caliber Derringer. The petitioner received a life sentence. On direct appeal, the conviction and sentence were affirmed. State v.

Collins, 698 S.W.2d 87 (Tenn. Crim. App. 1985). Application for permission to appeal to the supreme court was denied on September 3, 1985. Later, the petitioner filed a petition for post-conviction relief, arguing that the jury instructions on malice violated his constitutional rights and claiming that he was denied his right to confront witnesses. The trial court denied relief. On direct appeal, this court affirmed. William T. Collins, Jr. v. State, No. 222 (Tenn. Crim. App., at Knoxville, July 24, 1987). Permission to appeal to the supreme court was denied on October 12, 1987. The petitioner filed another post-conviction petition, alleging ineffective assistance of counsel. The trial court denied relief. This court affirmed on direct appeal. William T. Collins, Jr. v. State, No. 279 (Tenn. Crim. App., at Knoxville, Mar. 5, 1991). Application for permission to appeal was denied April 5, 1991.

This petition, filed September 13, 1993, included, among other issues, allegations that the jury instructions on malice violated the petitioner's constitutional rights and that the petitioner was denied the effective assistance of counsel at trial and on post-conviction. Both the petitioner and the state filed several other pleadings. The petitioner made no claim that he had either served his sentence or that the trial court was without jurisdiction to enter the judgment. On August 3, 1998, Judge Arden Hill denied relief, concluding that the petition was barred by the statute of limitations. The trial judge also ruled that as thirteenth juror in the original trial, he was satisfied with the verdict of first degree murder. In September of 1993, the petitioner was subject to the following statute of limitations:

> A prisoner in custody under sentence of a court of this state must petition for post-conviction relief under this chapter within three (3) years of the date of the final action of the highest state appellate court to which an appeal is taken or consideration of such petition shall be barred.

Tenn. Code Ann. § 40-30-102 (repealed).

Tennessee Code Annotated Section 40-30-108[1] authorized trial courts to treat a petition for habeas corpus as a petition for post-conviction relief "when the relief and procedure authorized by [that] chapter appear[ed] adequate and appropriate . . . ." Tenn. Code Ann. § 40-30-108 (repealed). Because the petitioner asserted no grounds for habeas corpus relief, the trial court, in our view, properly treated the petition as one for post-conviction relief.

When a petitioner attempts to set aside a conviction because of the abridgement of a constitutional right, the statutory post-conviction procedure is a single means of relief. Luttrell v. State, 644 S.W.2d 408 (Tenn. Crim. App. 1982). In contrast, it is well settled in this state that the writ of habeas corpus, codified at Tenn. Code Ann. §§ 29-21-101 to 29-21-130, will issue only in

---

[1]Under current law, Tenn. Code Ann. § 40-30-205(c), "[a] petition for habeas corpus may be treated as a petition [for post-conviction relief] when the relief and procedure authorized by this part appears adequate and appropriate, notwithstanding anything to the contrary in title 29, chapter 21, or any other statute."

the case of a void judgment or to free a prisoner held in custody after his term of imprisonment has expired. State ex rel. Hall v. Meadows, 215 Tenn. 668, 389 S.W.2d 256, 259 (1965). Unlike the post-conviction petition, the purpose of a habeas corpus petition is to contest a void, not merely voidable, judgment. State ex rel. Newsome v. Henderson, 221 Tenn. 24, 424 S.W.2d 186, 189 (1968). A petitioner cannot collaterally attack a facially valid conviction in a habeas corpus proceeding. Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992); State ex rel. Holbrook v. Bomar, 211 Tenn. 243, 364 S.W.2d 887, 888 (1963). In Archer v. State, our supreme court held as follows:

> When the restraint, from which relief is sought by a writ of habeas corpus, proceeds from a judgment erroneous but not void, the writ will not lie. Nor, under it, can the party impeach a judgment as contrary to the facts. And, in general, this is not the remedy where the imprisonment is on judicial process. But where the sentence is void, not merely voidable, or the term of imprisonment under it has expired, relief may be had by the writ. . . . [J]udicial officers . . . sometimes use the writ as if it were a writ of error, under which they might correct the errors and irregularities of other tribunals. "Any such employment of the writ is an abuse."

851 S.W.2d 157, 161 (Tenn. 1993) (quoting State ex rel. Karr v. Taxing District of Shelby County, 84 Tenn. (16 Lea) 240, 249-50 (1886) (citations omitted).

Clearly, the petitioner seeks post-conviction relief. The attack on the conviction is collateral in nature. The 1967 Act, as amended, provided for a three-year statute of limitations for post-conviction relief. Abston v. State, 749 S.W.2d 487 (Tenn. Crim. App. 1988). Because our supreme court denied the petitioner's application for permission to appeal his conviction on September 3, 1985, some eight years prior to this filing, the trial court correctly determined that the petition was filed beyond the applicable statute of limitations.

The petitioner also argues that he is entitled to have his erroneous jury instruction claim considered under Tenn. Code Ann. § 40-30-202(b)(1). That is, he argues, that his claim is "based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial . . . ." In Sullivan v. Louisiana, 508 U.S. 275 (1993), upon which the petitioner relies, the Supreme Court held that a constitutionally deficient jury instruction on reasonable doubt that misstated the burden of proof was reversible error, not subject to a harmless error analysis. The Court observed that the Constitution requires that all jury verdicts of guilt be reached on a beyond a reasonable doubt basis. Id. at 281. In making its determination, the high court ruled as follows:

> Insofar as the possibility of harmless-error review is concerned, the jury-instruction error in this case is quite different from the jury-instruction error of erecting a presumption regarding an element of the offense. . . . "[W]hen a jury is instructed to presume malice from

predicate facts, it still must find the existence of those facts beyond a reasonable doubt." . . . A reviewing court may thus be able to conclude that the presumption played no significant role in the finding of guilt beyond a reasonable doubt. . . .

Id. at 280-81 (citations omitted). The petitioner correctly points out that the jury instructions on malice in his case were disapproved of in Sandstrom v. Montana, 442 U.S. 510 (1979), which held unconstitutional an instruction entitling the jury to presume malice, an element of murder. The Supreme Court reasoned that the jury might consider the instruction mandatory and thus place the burden of "disposing" of that element on the defendant. In State v. Martin, our supreme court ruled that such an instruction may be harmless error if found to be harmless beyond a reasonable doubt. 702 S.W.2d 560, 565 (Tenn. 1985). In the petitioner's first post-conviction petition, decided by this court on October 12, 1987, the instructions were deemed harmless beyond a reasonable doubt. That determination is final. As such, the ruling in Sullivan is distinguishable and would not afford the petitioner any procedural relief.

Accordingly, the judgment is affirmed.

 

_____
GARY R. WADE, PRESIDING JUDGE