STATE of Tennessee, Appellee,

v.

**David Lee CARTER, Appellant.**

Court of Criminal Appeals of Tennessee, at Nashville.

Jan. 25, 1984.

Permission to Appeal Denied by Supreme Court April 30, 1984.

R. Steven Waldron, Murfreesboro, for appellant.

William M. Leech, Jr., Atty. Gen., David M. Himmelreich, Asst. Atty. Gen., Nashville, Guy R. Dotson, Dist. Atty. Gen., Murfreesboro, for appellee.

OPINION

TATUM, Judge.

This is an appeal by David Lee Carter from a judgment denying post conviction relief. On August 13, 1982, the defendant entered bargained guilty pleas to a charge of armed robbery and two charges of assault with intent to commit first degree murder. His punishment was fixed at 30

years imprisonment for armed robbery and for one of the assault charges. He was sentenced to 10 years imprisonment on the other assault charge. All sentences were ordered to run concurrently.

In his petition, he charges that his court-appointed trial counsel was incompetent in several respects. He was afforded an evidentiary hearing during which he testified as to the incompetency of his trial attorney. The defendant repeatedly and explicitly states during trial and on appeal that he does not want a new trial; he desires only that his sentences be reduced.

The defendant says that he should be eligible for parole when he serves 20% of his sentence and not 40% as was provided in the Class X Felony Statute under which he was convicted. He desires that the provisions of the judge-sentencing act be applied, making him eligible for release after service of 20% of the sentence pursuant to T.C.A. §§ 40–35–109(c) and 40–35–501(b). The crimes for which the defendant pled guilty were committed on October 22, 1981. The judge-sentencing act is applicable only to crimes committed on or after July 1, 1982. T.C.A. § 40–35–112(a).

The trial court properly held that he did not have authority to reduce the defendant's sentences. The post conviction procedure act authorizes the trial judge only to set aside a void or voidable judgment, or, when appropriate, to order a delayed appeal. The law does not authorize a trial judge to reduce a sentence to compensate for the entry of a guilty plea induced by faulty representation of counsel. T.C.A. § 40–30–118(a).

The defendant also complains that the trial judge did not make findings of fact and conclusions of law. The trial judge dismissed the petition upon reaching the legal conclusion that he had no power to grant the relief requested; that is, the reduction of the defendant's sentence. Having correctly reached this conclusion, a finding of fact would serve no purpose.

The judgment of the trial court is affirmed.

DWYER and BYERS, JJ., concur.