IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
July 18, 2000 Session

## WILLIAM ANDREW DIXON v. FLORA J. HOLLAND, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2848    Seth Norman, Judge**

_____

**No. M1999-02494-CCA-R3-PC - Filed November 17, 2000**

_____

William Andrew Dixon was convicted of kidnapping for ransom in violation of Tennessee Code Annotated section 39-2603 in April 1981 in the Circuit Court of Dickson County. The offense was committed in April 1978. Between the time of the offense in 1978, and the time of trial in 1981, kidnapping for ransom was redesignated by the legislature as the offense of aggravated kidnapping; the maximum punishment was reduced by the legislature from life imprisonment without parole to life imprisonment with the possibility of parole. The Tennessee Department of Correction maintains that it is incarcerating Petitioner under a sentence of life imprisonment without the possibility of parole. Petitioner filed a Petition for Writ of Habeas Corpus in the Criminal Court of Davidson County, asserting the judgment is illegal and void. The petition was denied. The judgment is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed**

THOMAS T. WOODALL, J., delivered the opinion of the court, in which NORMA MCGEE OGLE, J., joined. DAVID G. HAYES, J., filed a concurring opinion.

Thomas F. Bloom, Nashville, Tennessee, for the appellant, William Andrew Dixon.

Paul G. Summers, Attorney General and Reporter; Kim R. Helper, Assistant Attorney General; Victor S. Johnson, III, District Attorney General; Pamela Sue Anderson, Assistant District Attorney General; and Lisa Naylor, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Following a jury trial in Dickson County Circuit Court in April, 1981, the Petitioner, William Andrew Dixon, was convicted of kidnapping for ransom and felonious use and employment of a firearm while committing kidnapping for ransom. The trial court's judgment states that the jury fixed punishment of life imprisonment for the kidnapping for ransom conviction; the judgment further ordered that for the conviction of kidnapping for ransom the Petitioner "shall be imprisoned

for life in the Tennessee State Penitentiary." A sentence of five (5) years for the firearm offense was ordered to be served consecutively to the sentence of life imprisonment. Nowhere in the judgment, which was filed April 25, 1981, is it mentioned that the life sentence is to be served without the possibility of parole.

In his Petition for Writ of Habeas Corpus, and on appeal, the Defendant asserts that he is incarcerated serving a sentence of life imprisonment without the possibility of parole and that this is an illegal and void sentence. He further argues that the maximum punishment to which he was subjected upon his conviction was life imprisonment with the possibility of parole.

The State responds that the trial court's judgment setting Petitioner's punishment at imprisonment for life in the Tennessee State Penitentiary was an appropriate sentence for the "sentencing structure in place at the time of trial." The issue presented by Petitioner is properly presented in a Petition for a Writ of Habeas Corpus. See Jonathan Stephenson v. Howard Carlton, Warden, et al., No. E1998-00202-SC-R11-CD, Tenn. Sup. Court, for publication, filed September 21, 2000 at Knoxville, ___ S.W.3d ___, 2000 WL 1357517 at *1-2.

The offenses occurred in Carroll County in April of 1978. Venue was changed upon a pre-trial motion filed by Petitioner. At the time of the crimes, the offense of kidnapping for ransom was set forth in Tennessee Code Annotated section 39-2603 (1975) as follows:

> **39-2603**. Kidnapping for ransom – Penalty – Any person who seizes, confines, inveigles, entices, decoys, abducts, conceals, kidnaps, or carries away any individual by any means whatsoever with intent to hold or detain, or who holds or detains, such individual for ransom, reward or to commit extortion or to exact from relatives or friends of such person any money, or valuable thing, or any person who kidnaps or carries away any individual to commit robbery, or any person who aids or abets any such act, is guilty of a felony and upon conviction thereof *shall be punished by imprisonment in the state penitentiary for life or for a term of years not less than twenty (20), without possibility of parole, at the discretion of the jury trying the same*. (Emphasis added).

On direct appeal, State v. William Andrew Dixon, No. 11930, Dickson County (Tenn. Crim. App., Nashville, April 13, 1982), Petitioner raised the issue that the jury had the discretion to determine whether or not the sentence imposed was to be served without the possibility of parole. This court, in addressing the issue in its opinion on the direct appeal, stated:

> We now consider whether one convicted of kidnapping for ransom may be considered for parole after becoming eligible pursuant to our general statutes authorizing parole . . . .

The [Petitioner] now construes the statute to mean that it was discretionary with the jury as to whether the sentence imposed was "without possibility of parole."

. . .

We interpret the statute as meaning that the length of the term of imprisonment may be life imprisonment or a term of not less than 20 years at the discretion of the jury, but that the term of imprisonment imposed by the jury is without possibility of parole *as a matter of law*.

Id. at pp. 4-6. (Emphasis added).

In 1979, after commission of the offenses for which Petitioner was convicted, but prior to his trial and convictions in 1981, the offense of kidnapping for ransom was amended to constitute an offense under the more comprehensive offense of aggravated kidnapping. Tenn. Code Ann. § 39-2603 (Supp. 1979). (In 1990, kidnapping for ransom became a Class A felony specified as especially aggravated kidnapping. Tenn. Code Ann. § 39-13-305 (Supp. 1990). The maximum punishment of this offense for a Range I standard offender is currently 25 years imprisonment, with service of a minimum of 85% of that sentence. See Tenn. Code Ann. § § 40-35-112, -501(c) (1997 & Supp. 1999)).

Moreover, effective September 1, 1979, Tennessee Code Annotated section 39-2603, classified as aggravated kidnapping, became a part of the Class X felony legislation passed by the General Assembly. Under this legislation, the General Assembly reduced the maximum punishment for kidnapping for ransom from life imprisonment without parole to life imprisonment with the possibility of parole. Tenn. Code Ann. § 39-2603 (Supp. 1979). The specific legislation stated that "a person convicted of aggravated kidnapping shall be punished by imprisonment in the state penitentiary for life or for a term of not less than twenty (20) years." Id.

At the time of Petitioner's trial in 1981, the relative savings statute, Tennessee Code Annotated section 39-114 (1975) [later replaced by Tennessee Code Annotated section 39-1-105 (1982) and now codified at Tennessee Code Annotated section 39-11-112 (1997)] provided as follows:

**Repealed or amended laws – Application in prosecution for offense.–** Whenever any penal statute or penal legislative act of the state is repealed or amended by a subsequent legislative act, any offense, as defined by the statute or act being repealed or amended, committed while such statute or act was in full force and effect shall be prosecuted under the act or statute in effect at the time of the commission of the offense. *In the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.* [Acts 1968 ch. 513, § 1] (emphasis added).

There can be no question that a sentence of "life imprisonment" (with the possibility of parole) is a lesser penalty than a sentence of "life imprisonment without possibility of parole." Therefore, argues Petitioner, pursuant to the "savings statute," Tennessee Code Annotated section 39-114 [now codified at § 39-11-112] and section 39-2603 (Supp. 1979), it was mandatory that Petitioner be sentenced to life imprisonment, with the possibility of parole following his trial in 1981. In dismissing the Petition for Writ of Habeas Corpus, the trial court ruled that the savings statute set forth presently in Tennessee Code Annotated section 39-11-112 did not reduce the punishment for a crime committed prior to July 1, 1982. As presently provided, Tennessee Code Annotated section 39-11-112 provides in pertinent part: "Except as provided under the provisions of § 40-35-117, in the event the subsequent act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act." (Emphasis added). Tennessee Code Annotated section 40-35-117(c) provides that "[f]or all persons who committed crimes prior to July 1, 1982, prior law shall apply and remain in full force and effect in every respect, including, but not limited to, sentencing, parole, and probation." See 1989 Tenn. Pub. Acts ch. 591, §6.

The pertinent language of Tennessee Code Annotated section 39-11-112 relied upon by the trial court in the habeas corpus proceeding is "[e]xcept as provided in § 40-35-117." However, this language was added to the savings statute (Tennessee Code Annotated section 39-11-112 (Supp. 1989), formerly Tennessee Code Annotated section 39-114) effective November 1, 1989, subsequent to Petitioner's trial and conviction, and subsequent to this court's affirmance of his conviction on direct appeal in 1982. Thus, the trial court's reliance upon the amended language of Tennessee Code Annotated section 39-11-112 violates constitutional proscriptions against ex post facto laws. See Miller v. State, 584 S.W.2d 758, 761 (Tenn. 1979) (enumerating five types of ex post facto laws); State v. Pearson, 858 S.W.2d 879, 882 (Tenn. 1993).

Nevertheless, a portion of the Class X Felonies Act, Tenn. Code Ann. §39-5404 (later § 39-1-704), specifically precludes Petitioner from being entitled to relief in this case. That statute provides as follows:

> All Persons who have committed crimes on or after September 1, 1979, shall be tried and sentenced under the Class X Felonies Act of 1979. All persons whose crimes occurred prior to September 1, 1979, but whose trials occur on or after September 1, 1979, shall be tried under the law as it was prior to September 1, 1979, and as to those defendants, the prior law shall remain in full force and effect. (emphasis added)

Petitioner argues that since Tenn. Code Ann. § 39-5404 states that those who commit Class X Felonies after September 1, 1979 must be "tried and sentenced" under the new Act, and that those who commit crimes before September 1, 1979 (as Petitioner) are only to be "tried" under the old law, then sentencing for Petitioner must be under the less severe Class X Felonies Act (life with parole versus life without parole). We disagree. In 1979, prior to the Judge Sentencing Act of 1982, [§§ Tenn. Code Ann. 40-35-101 et seq.] the jury tried and sentenced a defendant charged with kidnapping for ransom (now aggravated kidnapping).

Despite the fact that the legislature referred to post-September 1, 1979 cases as being "tried and sentenced" and to pre-September 1, 1979 cases as being "tried," the legislature clearly stated that as to those who committed crimes prior to September 1, 1979, the prior law shall remain in full force and effect. We can interpret this to mean nothing except that all aspects of the prior law (including sentencing) must remain in full force and effect.

Accordingly, the judgment of the Davidson County Criminal Court is affirmed.

_____
THOMAS T. WOODALL, JUDGE

# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
# AT NASHVILLE
July 18, 2000 Session

## WILLIAM ANDREW DIXON v. FLORA J. HOLLAND, WARDEN

**Direct Appeal from the Criminal Court for Davidson County**
**No. 2848     Seth Norman, Judge**

**No. M1999-02494-CCA-R3-PC**

DAVID G. HAYES, J., concurring.

5

I join with the majority in concluding that the Defendant's application for the writ of habeas corpus is without merit. The majority's rationale is clearly supported by case law. See generally State v. Turner, 919 S.W.2d 346, 361 (Tenn. Crim. App. 1995) (accused who committed offense prior to July 1, 1982 but sentenced after effective date of 1982 Act not entitled to be sentenced pursuant to 1982 Act); State v. Harris, 678 S.W.2d 473, 476 (Tenn. Crim. App. 1984) (if crime committed on or after July 1, 1982, then trial judge proper sentencing authority; if crime committed prior to July 1, 1982, sentencing responsibility upon jury); State v. Carter, 669 S.W.2d 707, 708 (Tenn. Crim. App. 1984) (judge sentencing act only applicable to crimes committed on or after July 1, 1982). Moreover, the Sentencing Commission Comments to Tenn. Code Ann. § 40-35-117(c) provide:

> Subsection (c) provides that crimes committed prior to July 1, 1982 must be tried and sentenced under the law as it existed prior to that date. Offenses that occurred prior to July 1, 1982, were treated under the very different indeterminate jury sentencing structure. Due to the radical change in sentencing procedures, the commission believed that it was appropriate to retain prior law as to those few cases left in that category.

For these reasons, I concur.

As a postscript, it cannot be ignored that the Defendant in this case was convicted of the only offense, *i.e.*, kidnapping for ransom, under the 1975 Act that prohibited parole eligibility. See generally Tenn. Code Ann. § 39-2603 (1975). Indeed, no other offense under the 1975 Act provided for such a harsh penalty. A defendant convicted of first degree murder with a resulting sentence of life imprisonment was eligible for parole after thirty years. See TENN. CODE ANN. § 40-3613 (1975) (persons sentenced to term of sixty-five years or more, or life, eligible for parole after thirty years); see, e.g., Miller v. State, 584 S.W.2d 758 (Tenn. 1979) (legally effective punishment for first-degree murder for crime committed on April 7, 1976, was life imprisonment). Similarly, a habitual offender, whose statutory punishment was life without the possibility of parole, became parole eligible after thirty years. See TENN. CODE ANN. § 40-3613. Thus, it appears that the only offense for which no parole was available under the 1975 Act was the crime of kidnapping for ransom. Although the legislature reduced the punishment for this offense to life with parole less than one year from the date of the commission of this crime and prior to the Defendant's sentencing, it remains equally clear that no statutory authority nor statutory construction exists which would permit imposition of the lesser sentence.

To further compound the dilemma presented by the disparity of sentences in the two sentencing acts, until 1998, the Defendant's sentence was classified by the Department of Correction as a life sentence with parole. The record reflects that in April of 1998 the Defendant had accrued 2,268 days of sentence credits before being advised that he was ineligible for parole. This appeal appears to be the Defendant's fifth challenge to his sentence. It must be emphasized that the repeal of a criminal statute followed by the adoption of its replacement often results in disparate

6

punishment.  Such is the situation in this case.  Despite apparent inequities, ours is not a court of equitable jurisdiction from which relief may be granted.

_____
DAVID G. HAYES, JUDGE