IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs August 22, 2001

## LAWRENCE A. STRICKLAND v. JAMES BOWLEN, Warden

**Appeal from the Circuit Court for Bledsoe County**
**No. 2-2001     J. Curtis Smith, Judge**

---

**No. E2001-01236-CCA-R3-CD**
**September 7, 2001**

---

The petitioner, Lawrence A. Strickland, appeals the Bledsoe County Circuit Court's dismissal of his petition for *habeas corpus* relief, which challenged his 1997 guilty-plea-based, Roane County conviction of aggravated sexual battery.   Based upon our *de novo* review of matters of law, we conclude that the sentence imposed by the conviction court was void, although we reject the petitioner's claim that the indictment is invalid.  We reverse the judgment of the lower court and grant *habeas corpus* relief in the form of declaring the petitioner's Roane County sentence void. Because the conviction rests upon a guilty plea that, in turn, was premised upon the agreed sentence being valid, we vacate the petitioner's conviction and sentence.  The conviction court shall afford the petitioner the opportunity to withdraw his guilty plea pursuant to Tennessee Rule of Criminal Procedure 11(e)(4).

**Tenn. R. App. P. 3; Judgment of the Circuit Court Affirmed in Part, Reversed in Part**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON and JOHN EVERETT WILLIAMS, JJ., joined.

Lawrence A. Strickland, Appellant, Pro Se.

Paul G. Summers, Attorney General and Reporter; Patricia C. Kussman, Assistant Attorney General; James Michael Taylor, District Attorney General; James W. Pope, Assistant District Attorney General; and Peter Martin Coughlan, Assistant District Attorney General, for the Appellee, State of Tennessee.

### OPINION

On December 12, 1997, the petitioner pleaded guilty in the Roane County Criminal Court to an offense of aggravated sexual battery that had occurred on or about January 22, 1981. The plea disposed of a 1996 indictment that charged the petitioner with two 1981 aggravated rapes. The indictment upon which the resulting aggravated sexual battery conviction is based alleges that,

during the specified 1981 time frame, the petitioner did "unlawfully and intentionally sexually penetrate [the named victim], a person of less than (13) years of age, in violation of T.C.A. section 39-13-522, contrary to the form of the statute in such cases. . . ." *See* Tenn. Code Ann. § 39-13-522 (1997) (enacted in 1992 and captioned "rape of a child," proscribing as a Class A felony "the unlawful sexual penetration of a victim by the defendant or the defendant by a victim, if such victim is less than thirteen (13) years of age").[1]

In submitting a guilty plea to one count of aggravated sexual battery, the petitioner apparently acceded to the prosecutor's statement that the parties had

> agreed to proceed under the current sentencing considerations, in exchange for reduction of the charge from aggravated rape to aggravated sexual battery. We have agreed to recommend a sentence of twelve years. This will fall under the current sentencing guidelines, which require the sentence to be served at 100 percent, or no less than 85 percent. . . .

The conviction court accepted the plea and sentenced the petitioner to twelve years in the Department of Correction. *See* Tenn. Code Ann. § 39-13-504 (enacted in 1989 and proscribing as a Class B felony "unlawful sexual contact with a victim by the defendant or the defendant by a victim accompanied by . . . the [circumstance of the victim being] less than thirteen (13) years of age"); *Id.* § 40-35-112(a) (1997) (establishing a sentencing range of eight to twelve years for Range I Class B felonies); *Id.* § 40-35-501(i) (1997) (providing that a person convicted of aggravated sexual battery shall serve 100 percent of his or her sentence before becoming eligible for release, subject to the application of a maximum of fifteen percent reduction).

On appeal, the petitioner maintains that he is entitled to *habeas corpus* relief because (1) his sentence pursuant to the 1989 sentencing law is void and (2) his conviction is void because the indictment improperly invoked a statute that is inapplicable to 1981 conduct.

The legal issues raised are questions of law, and our review of questions of law is *de novo*. *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000) ("whether to grant the petition [for *habeas corpus* relief] is a question of law that we review *de novo*"); *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997) (question of law reviewed on appeal *de novo*). Based upon our *de novo* review, we reverse the judgment of the lower court and declare void the petitioner's sentence imposed by the Roane County Criminal Court.

---

[1] The reverse side of the indictment refers to the charged offense as "aggravated rape." The conviction court and the state generally referred to the charged offense as "aggravated rape." Prior to 1992, the offense currently proscribed in Code section 39-13-522, "rape of a child," was classified as a category of aggravated rape. *See* Tenn. Code Ann. § 39-13-502(a)(4) (1991) (amended by Act of Apr. 23, 1992, ch. 878, §§ 1, 3 1992 Tenn. Pub. Acts 807, 808). Thus, in 1992, the category was removed and became the basis of the new "rape of a child" section 39-13-522.

## I.  The Sentence

In 1981, sexual offenses were governed by "The Sexual Offenses Law of 1979." *See* Tenn. Code Ann. § 39-3701 (Supp. 1980) (repealed 1989).  This act proscribed the offense of aggravated rape, a Class X felony, which was defined as the "unlawful sexual penetration of another accompanied by [the circumstance of the victim being] less than thirteen years of age." *See* Tenn. Code Ann. § 39-3703 (Supp. 1980) (repealed 1989).  The prescribed punishment in 1981 for aggravated rape was twenty years to life imprisonment. *See id.*  The Code in 1981 also proscribed aggravated sexual battery, a Class X felony, which was defined as the unlawful "sexual contact with another accompanied [by the circumstance of the victim being] less than thirteen years of age." *See Id.* § 39-3704 (Supp. 1980) (repealed1989).  The prescribed punishment in 1981 for aggravated sexual battery was a term of imprisonment not less than five years nor more than 35 years. *See id.*  Pursuant to the "Class X Felonies Act of 1979," sentences for Class X felonies were required to be determinate in nature, were  not subject to reduction for "good, honor or incentive or other sentence credit," and terminated or expired "only after service of the entire sentence day for day." *Id.* § 39-5403 (Supp. 1980) (repealed 1989).

In addition, the Tennessee Criminal Sentencing Reform Act of 1982 established sentencing by the trial judge in non-capital cases, as opposed to the prior law mandating sentencing by the jury. *See* Tenn. Code Ann. §§ 40-35-101 through -504 (1982) (repealed 1989).  Even though the 1982 Act has been repealed, sentencing by the trial judge has been retained via the Criminal Sentencing Reform Act of 1989. *See* Tenn. Code Ann. § 40-35-203 (1997).

Both the 1982 and the 1989 sentencing laws recite that crimes committed before July 1, 1982 are punishable by the applicable pre-July 1, 1982 sentencing law. *See* Tenn. Code Ann. § 40-35-112(a) (repealed 1989); Tenn. Code Ann. § 40-35-117(c) (1997); *see also* Tenn. Code Ann. § 40-35-117, Sentencing Comm'n Comments (offenses committed prior to July 1, 1982 "were treated under the very different indeterminate jury sentencing structure").  Furthermore, this court has held that crimes committed prior to July 1, 1982, are exclusively punished via jury sentencing under the applicable prior law. *Turner v. State*, 919 S.W.2d 346, 361 (Tenn. Crim. App. 1995); *State v. Harris*, 678 S.W.2d 473, 476 (Tenn. Crim. App. 1984); *State v. Carter*, 669 S.W.2d 707, 708 (Tenn. Crim. App. 1984); *see William Andrew Dixon v. Flora J. Holland*, No. M1999-02494-CCA-R3-PC, concurring op. at 1 (Tenn. Crim. App., Nashville, Nov. 17, 2000) (Hayes, J., concurring), *pet. for perm. app. granted* (Tenn. Apr. 30, 2001).  Thus, the conviction court in this case was required to apply the applicable 1981 law in sentencing the petitioner.

Next, we consider the effect of the failure of that court to apply the proper sentencing law.  We know that a petitioner, in order to obtain *habeas corpus* relief, must show that his confinement is the result of a void judgment or that his sentence has expired. *See Archer v. State,* 851 S.W.2d 157, 164 (Tenn. 1993).  We also know that the invalidity of the sentence itself, as well as the broader invalidity of the conviction, results in a void judgment and is a sufficient basis for *habeas corpus* relief. *See Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000).  To support a claim for *habeas corpus* relief, however, the illegality of a sentence must be egregious to the point

of voidness. *Jerry L. Cox v. State*, No. E2000-02044-CCA-R3-PC, slip op. at 3-5 (Tenn. Crim. App., Knoxville, Apr. 17, 2001). Thus, the petitioner's *habeas corpus* challenge to his sentence is ineffectual unless the flaw renders his sentence void. *Id.* We have determined, however, that the flaw has precisely that effect.

In *McConnell v. State*, a post-conviction relief case, our supreme court held that a sentence that is beyond the statutorily authorized sentencing provisions of the 1989 sentencing law is void. *McConnell v. State,* 12 S.W.3d 795, 798-800 (Tenn. 2000). In *McConnell*, a proceeding under the 1989 sentencing act, the high court vacated the sentence which, according to the plea agreement, was structured under the 1982 sentencing act. *Id.* at 796, 800. The court held that the sentences imposed via a plea agreement were "outside the trial court's jurisdiction." *Id.* at 798.

This court has previously interpreted *McConnell* to mean that McConnell's sentence "was flawed *because* the parties couched the computation as an illegal function of the 1982 Act." *William Boyd v. State*, No. E1999-02179-CCA-R3-PC, slip op. at 5 (Tenn. Crim. App., Knoxville, Nov. 6, 2000) (emphasis in original). Thus, in light of *Carter, Harris* and *Turner*, the petitioner's attempt in the present case to join a post-1989 sentence to a 1981 crime runs afoul of *McConnell. McConnell* requires a conclusion that the Roane County court had no jurisdiction to impose a sentence pursuant to the 1989 sentencing law. Consequently, the sentence is void and is the proper subject of *habeas corpus* relief.

## II. The Indictment

We must now consider whether the indictment is a valid basis for a prosecution and conviction in this case. The indictment effectively charged the petitioner with the 1981 rape of a named female victim who was then less than thirteen years of age, and it alleged the conduct was in violation of Code section 39-13-522, the current "rape of a child" statute, despite that this particular Code section was not enacted until 1992.[2]

The claim of a void indictment is an attack upon the trial court's jurisdiction and is justiciable in an action for *habeas corpus* relief. *Hart*, 21 S.W. 2d at 903; *Dykes v. Compton*, 978 S.W.2d 528, 529 (Tenn. 1998). Again, our review is *de novo. See Hart*, 21 S.W.2d at 903.

In view of the provisions of the Sixth and Fourteenth Amendments to the United States Constitution and Article I, section 9 of the Tennessee Constitution guaranteeing the right of a criminal defendant to be informed of the nature and cause of the criminal charge, the indictment in question may at first blush appear to be invalid. It alleges a 1981 offense as a breach of a 1992 statute. Certainly, the state would have been more prudent to have charged specifically a breach of the applicable 1981 proscriptive statute; however, we have concluded that the indictment employed in this case serves as a valid basis for a prosecution.

---

[2] *See* n. 1, *supra*.

To be sure, an indictment must "provide sufficient information (1) to enable the accused to know the accusation to which answer is required, (2) to furnish the court adequate basis for the entry of a proper judgment, and (3) to protect the accused from double jeopardy." *State v. Hill*, 954 S.W.2d 725, 727 (Tenn. 1997). In *Hill*, however, our supreme court concluded that, although the scienter requirement for aggravated rape was not stated in the indictment, the indictment was valid, based upon it (1) satisfying the three aforementioned constitutional requirements, (2) complying with the notice requirements of Code section 40-13-202, and (3) providing a basis for logically inferring the mental element of the crime charged. *Id*. at 726-27. The *Hill* court stressed that indictments should be scrutinized from the vantage point of "'common sense and right reason rather than from the narrow standpoint of . . . technicality or hair splitting fault finding.'" *Id*. at 728 (quoting *United States v. Purvis*, 580 F.2d 853, 857 (5th Cir. 1978)).

Since *Hill*, the court has often repeated its intention to relax "common law pleading requirements and its reluctance to elevate form over substance when evaluating the sufficiency of indictments." *See, e.g., State v. Hammonds*, 30 S.W.3d 294, 300 (Tenn. 2000). In *Hammonds*, the court said, "Indeed, *Hill* and its progeny leave little doubt that indictments which achieve the overriding purpose of notice to the accused will be considered sufficient to satisfy both constitutional and statutory requirements." *Id*.; *see State v. Sledge*, 15 S.W.3d 93, 94 (Tenn. 2000); *Crittenden v. State*, 978 S.W.2d 929, 931 (Tenn. 1998); *Ruff v. State*, 978 S.W.2d 95, 100 (Tenn. 1998).

In this vein, but more pertinent to the present case, our supreme court has upheld an indictment that charged incest in the language of a repealed proscriptive statute, former Code section 39-4-306(a)(1). *See Hart v. State*, 21 S.W.3d 901, 904-905 (Tenn. 2000). Using the language of that erstwhile statute, the indictment alleged the defendant's "carnal knowledge" of the victim. The statute applicable at the time of the charge, Code section 39-15-302(a), required "sexual penetration" of the incest victim. The court compared the phrases "carnal knowledge" and "sexual penetration," and based upon a determination that the former is included within the latter, it held that Hart was afforded "plain, understandable notice that he was charged with the crime of incest involving his stepchild, in violation of Tennessee law, during a specified period of time." *Hart,* 21 S.W.3d at 905.

Similarly, in the present case, the indictment afforded the petitioner "plain, understandable notice" that he was being charged with a violation of Tennessee law proscribing rape, aggravated by the named victim being less that thirteen years of age, and that the offense occurred during a specific time frame in 1981. To be sure, the indictment refers to Code Section 39-13-522; however, that section, which proscribes the sexual penetration involving a child less than thirteen years of age, emanated in 1992 from the 1989 aggravated rape statute, Code section 39-13-502. Prior to the 1992 amendment that created the new section 39-13-522 as an independent offense called "rape of a child," the status of a rape victim being less than thirteen years of age was a category of aggravated rape. *See* Tenn. Code Ann. § 39-13-502(a)(4) (1991) (amended 1992). As such, the aggravated rape statute contained essentially the same elements as did the crime of aggravated rape in 1981. *Compare* Tenn. Code Ann. § 39-13-502(a) (1991) (amended 1992) *with* Tenn. Code Ann.

§ 39-3703 (1980) (aggravated rape is committed when the defendant sexually penetrates a victim of less than thirteen years of age) (repealed 1989).[3]

Thus, the indictment sets forth the elements of the crime of aggravated rape as it applied to the alleged conduct of the petitioner in 1981. The reference to the non-applicable Code section 39-13-522 may be treated as surplusage. *See McCracken v. State*, 489 S.W.2d 48, 51 (Tenn. 1972) (it is not necessary that indictment state that the charged conduct is "contrary to a statute," and reference to wrong proscriptive statute was properly treated by trial court as surplusage).[4] In short, we hold that the present indictment meets all constitutional and statutory notice requirements and is a valid basis for a prosecution and resulting conviction.

### III. Conclusion

In conclusion, we hold that, although the indictment is valid, the sentence, which is the product of a plea-bargaining agreement, is void.

The remedy that we must apply is to vacate not only the sentence but the conviction as well. The conviction resulted from a plea agreement that featured the agreed, but void sentence. The petitioner should resume his posture before the conviction court, in which is pending an indictment charging him with two counts of aggravated rape allegedly committed in 1981 and in which he has submitted a guilty plea; however, because the proffered sentence is not tenable, the agreement must be deemed rejected. The petitioner must be afforded an opportunity to withdraw the plea in accordance with Tennessee Rule of Criminal Procedure 11(e)(4). If he does so and is unsuccessful in arranging a substitute plea agreement, he shall stand trial on the indictment as interpreted in this opinion.

It does not fall to this court to fathom why the petitioner, acting *pro se*, has fought so valiantly in the *habeas corpus* court and on appeal to place himself back in jeopardy of being convicted on two charges of aggravated rape, each of which carries a punishment range of twenty years to life, without sentence credit or parole. Nevertheless, the petitioner has established his right to do so, and accordingly, we grant him his requested appellate relief by reversing the action of the *habeas corpus* court.

_____
JAMES CURWOOD WITT, JR., JUDGE

---

[3] Even though the law in 1981 did not specifically address the circumstance of the victim penetrating the defendant, as does the current law, the former definition embraced conduct that is included within activity that is embraced by the current definition, and via *Hart*, the current allegations fit within the narrower definition.

[4] Apparently, the trial judge treated it as surplusage. *See* n. 2, *supra*.