IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
April 12, 2005 Session

## JESSICA RENEE RICHARDS v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 6692     Lillie Ann Sells, Judge**

---

**No. E2004-02326-CCA-R3-PC**

---

AND

## JENNIFER LYNNE HORINE v. STATE OF TENNESSEE

**Direct Appeal from the Criminal Court for Cumberland County**
**No. 6947     Lillie Ann Sells, Judge**

---

**No. E2004-02327-CCA-R3-PC - Filed September 2, 2005**

---

In this consolidated appeal, the petitioners challenge the denial of post-conviction relief, contending that their respective trial counsel were ineffective in failing to advise them of authority that indicated that their conduct fell outside the scope of the statute. On appeal, the State concedes that the petitioners received ineffective assistance of counsel. Following thorough review, we agree. Therefore, we reverse the denial of post-conviction relief, set aside the judgments, and remand the matter to the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Criminal Court Reversed and Remanded**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which THOMAS T. WOODALL and ROBERT W. WEDEMEYER, JJ., joined.

Randall Boston, Crossville, Tennessee, for the appellants, Jessica Renee Richards and Jennifer Lynne Horine.

Paul G. Summers, Attorney General and Reporter; Kathy D. Aslinger, Assistant Attorney General; William Edward Gibson, District Attorney General; and Kevin Poore, Assistant District Attorney

General, for the appellee, State of Tennessee.

**OPINION**

Facts and Procedural History

This appeal consolidates two unrelated, but factually similar, cases in which the petitioners challenge the denial of post-conviction relief. Petitioners Jessica Richards and Jennifer Horine, were each indicted on two counts of aggravated child abuse (a Class A felony), stemming from their infant children's positive drug screens.[1] Both pled guilty to the lesser included charge of attempted aggravated child abuse (a Class B felony) in exchange for a sentence of twelve years, to be served at thirty percent release eligibility.

On January 15, 2004, Richards and Horine filed separate post-conviction petitions. Thereafter, counsel[2] was appointed to both, and amended petitions were filed. The petitions, taken cumulatively, asserted the following claims on behalf of each petitioner:
1) Ineffective assistance of counsel;
2) An unknowing and involuntary plea; and
3) A violation of Tennessee Rule of Criminal Procedure 16.
Following a consolidated hearing, the post-conviction court denied both petitions by written order.

At the post-conviction hearing, Cynthia Lyons testified that she was employed as an Assistant Public Defender and that she represented Jennifer Horine at the time of her plea to attempted aggravated child abuse. She recalled that she was unaware of Attorney General's Opinion 95-023 at the time of the plea and further noted that, had she been aware of the opinion, she would not have pled Horine to the charge of attempted aggravated child abuse but would have filed a motion to dismiss the indictment.[3] Lyons further conceded that her representation fell below the range of competency demanded of attorneys in criminal cases and stated, "I blame myself for what has happened in this case. I should have done research, I should have found these things." Lyons further opined that Horine could not have entered a knowing and voluntary plea "because she didn't have all the information." In sum, Lyons admitted that she rendered ineffective assistance in Horine's case.

---

[1] Petitioner Richards' son tested positive for methamphetamine at birth, while petitioner Horine's son was positive for amphetamine, cocaine, and methamphetamine.

[2] The record reflects that the same post-conviction counsel was appointed to both petitioners.

[3] Attorney General's Opinion No. 95-023 states,

> Tenn. Code Ann. § 39-15-401 and 402 define "child abuse and neglect" and "aggravated child abuse" respectively. Each statute specifically defines its offense in terms of treatment of a "child" under eighteen years of age or under six years of age. Under the law in Tennessee, for the purposes of these statutes, the term "child" does not include a fetus, whether viable. Accordingly, use of cocaine by pregnant women cannot be considered child abuse or aggravated child abuse under the statutes in question.

Tenn. Op. Att'y Gen. No. 95-023 (1995).

On cross-examination, Lyons testified that she had not done any research to determine whether there is case law to support the conclusions contained in the Attorney General's Opinion because she no longer represents Horine. Lyons acknowledged that if Horine had been convicted as charged, she would have faced fifteen to twenty-five years, at one hundred percent service. She further noted that Horine pled to a Class B felony and was sentenced at thirty percent release eligibility. Finally, Lyons admitted that she could not be certain that she would have prevailed on a pretrial motion based upon the conclusions contained in the Opinion.

On redirect examination, Lyons testified that Attorney General's Opinion 02-136 was issued on December 23, 2002, and was requested by the Honorable William Gibson, the District Attorney General of the Thirteenth District.[4] On recross examination, Lyons acknowledged that the questions submitted in the 2002 Opinion did not concern child abuse as a crime but rather dealt with the child abuse reporting statute.

Joe Finley then testified that he was employed as an Assistant Public Defender and that he represented Jessica Richards at the time of her plea. He recalled that the distinction between a child and a fetus was critical in the case and that neither he nor Lyons explored the issue on behalf of the petitioners. When asked if he effectively represented Richards, Finley replied,

> Oh, I don't think so. Primarily because I didn't give her the chance to go through all this gobble-di-gook that we're going through today. Which I don't know how many hours that would have taken.
>
> But again, if we're right and it's not a child, then we're home free. If we're wrong, then the deal is pretty good. It's not a hundred percent and it's less than an A felony would have been.

In conclusion, Finley noted that his client should have been advised of the issue so that she could have made an informed decision with regard to her plea.

On cross-examination, Finley acknowledged that if he had filed a pretrial motion based upon the Attorney General's opinion, he would have advised his client that she would be facing fifteen to twenty-five years if they did not prevail on the motion. He further noted that he was unaware of any authority other than the Attorney General's Opinion that indicated the defense would have prevailed on a motion to dismiss the indictment.

On redirect examination, Finley testified that the Legislature determines whether or not a fetus is considered a child for the purpose a statute's application. On recross examination, he

---

[4] Attorney General's Opinion 02-136 states,

> This statute (Tenn. Code Ann. § 37-1-403(a)) uses the term "child" to define upon whom harm must be inflicted to invoke the [child abuse] reporting requirement; it does not use the term "fetus." When a fetus is to be covered by a statute, the term "fetus" is specifically included.

Tenn. Op. Att'y Gen. No. 02-136 (2002) (citations omitted).

acknowledged that the indictment does not mention the term "fetus" but further noted that Richard's drug use occurred while the child was a fetus.

As the final witness at the post-conviction hearing, Gary McKenzie testified that he was the Assistant District Attorney who negotiated the pleas of both petitioners. McKenzie stated that at the time of the plea negotiations, he was aware that aggravated child abuse had not yet been charged in a case where a child was born with illegal drugs in its system. He further recalled that during the negotiations with both petitioners, he indicated that if the State prevailed on any pretrial motion, it would not extend a plea offer but would proceed to trial. McKenzie testified that, in his opinion, when an infant tests positive for methamphetamine, it represents a continuing offense of child abuse. He further stated that he was aware of the 1995 Attorney General's Opinion at the time of the plea but did not become aware of the 2002 Opinion until after the pleas were entered. McKenzie testified that he did not believe the Opinions were exculpatory because they were merely persuasive authority.

On cross-examination, McKenzie stated that he is the "meth prosecutor" in the Thirteenth Judicial District. He further acknowledged that, while other statutory definitions had been amended to include a fetus, the aggravated child abuse statute remained unaltered by the Legislature.

In denying the post-conviction petitions, the court found that the petitioners "failed to establish any viable pretrial motion or pretrial investigation that trial counsel should have filed" and further noted that the indictments charged children in being as the victims. Additionally, the post-conviction court found "that the Attorney General Opinion(s) cited herein and relied upon by [the petitioners do] not apply [] since the [children were] drug screened only after birth." The petitioners timely appeal to this court, contending that: (1) counsel for both petitioners were ineffective in failing to file any pretrial motions regarding the applicability of the subject statute to the petitioners' cases; and (2) substance abuse by a pregnant woman cannot be considered child abuse or aggravated child abuse under Tennessee Code Annotated section 39-15-402. Following a thorough review, we reverse the post-conviction court and sustain post-conviction relief.

Analysis

When a claim of ineffective assistance of counsel is made under the Sixth Amendment, the petitioner bears the burden of proving that: (1) counsel's performance was deficient, and (2) the deficiency was prejudicial in terms of rendering a reasonable probability that the result of the trial was unreliable or the proceedings were fundamentally unfair. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). This standard has also been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S .W.2d 417, 419 n.2 (Tenn. 1989). When a petitioner claims ineffective assistance of counsel in relation to a guilty plea, the petitioner must prove that counsel performed deficiently, and, but for counsel's errors, the petitioner would not have pled guilty but would have, instead, insisted upon going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct. 366, 370 (1985).

In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court required that the services be rendered within the range of competence demanded of attorneys in criminal cases. In

reviewing counsel's conduct, a "fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Strickland, 466 U.S. at 689, 104 S. Ct. at 2065; see Nichols v. State, 90 S.W.3d 576, 587 (Tenn. 2002).

The petitioner bears the burden of proving by clear and convincing evidence the factual allegations that would entitle the petitioner to relief. Tenn. Code Ann. § 40-30-110(f). This court is bound by the post-conviction court's findings of fact unless the evidence preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456-57 (Tenn. 2001).

At the post-conviction hearing, Lyons and Finley testified that they failed to discover and inform their clients of two Attorney General's Opinions that could have led to a dismissal of the indictments in their respective cases. Moreover, both counsel acknowledged that their omissions prohibited the petitioners from making a knowing and voluntary plea. As such, they conceded that they rendered ineffective assistance. On appeal the State agrees and specifically notes that "the legislature has not amended the child abuse statutes to include a viable fetus in the definition of a child" and that "the defendant[s were] doing the *treating* to a fetus, not a child."

We too agree with these conclusions. As both the State and the petitioners correctly note, our Legislature amended the homicide and assault statutes to include a viable fetus in the definitions of "another," "individual[s]," and "another person." See Tenn. Code Ann. §§ 39-13-107, -214. The child abuse statutes, however, remain unchanged and do not include a viable fetus within its definition of a "child." See Tenn. Code Ann. §§ 39-15-401, -402.

Although never squarely addressed by our courts, the Attorney General's Opinions appear to accurately reflect the scope of the statute in question and are in accord with all jurisdictions that have analyzed this issue, save one. See Reinesto v. Superior Court of State In and For County of Navajo, 894 P.2d 733 (Ariz. Ct. App. 1995) (holding that a mother could not be prosecuted for criminal child abuse because the statute referred to conduct that directly harms a child, not activity that affects a fetus with resulting harm to a born child); Reyes v. Superior Court, 141 Cal. Rptr. 912 (Cal. Dist. Ct. App. 1977) (despite consideration of fetuses as "persons" in other areas of the law, the court held that the child endangerment law clearly did not equate unborn infants as children); State v. Gethers, 585 So. 2d 1140 (Fla. Dist. Ct. App. 1991) (mother who voluntarily ingested cocaine during the gestation period of her pregnancy could not be charged with criminal child abuse); Commonwealth v. Welch, 864 S.W.2d 280 (Ky. 1993) (holding that a mother's self-abuse of drugs which had the secondary effect of transmitting drugs to a fetus is different than a mother's intentional injection of such drugs into her born infant); Sheriff, Washoe County, Nevada v. Encoe, 885 P.2d 596 (Nev. 1994) (citing multiple decisions from other jurisdictions, the court expressly delegated to the legislature the responsibility of proscribing illegal substance abuse by expectant mothers); People v. Morabito, 580 N.Y.S.2d 843 (N.Y. City Ct. 1992) (holding that due process prevents a mother who injures her unborn fetus through prenatal drug use from being criminally prosecuted for child abuse on authority of a statute which applies only to the endangerment of children in being); State v. Grey, 584 N.E.2d 710 (Ohio 1992) (giving deference to the legislature

to clearly proscribe the conduct of a substance abusing mother in the legislature's discretion); Collins v. State, 890 S.W.2d 893 (Tex. Crim. App. 1994) (holding that the purpose of the Texas penal code is to proscribe certain types of harmful conduct, not simply the results of conduct); but see Whitner v. State, 492 S.E.2d 777 (S.C. 1997), reh'g denied (Nov. 19, 1997) and cert. denied, 523 U.S. 1145, 118 S. Ct. 1857 (1998) (holding that a mother who pled guilty to criminal child neglect for causing her newborn infant to be born with cocaine metabolites in its system was properly convicted of the charge).

We therefore conclude that trial counsels' failure to discover the Attorney General's Opinions constituted deficient performance and did not allow the petitioners to make an informed decision with regard to their pleas. This information would certainly have provided sound reasoning and a strong argument that the petitioners' actions did not fall within the statute. We further conclude that these omissions prejudiced the petitioners and equated to ineffective assistance of counsel, resulting in an unknowing and involuntary pleas.

Although the State concedes that the petitioners received ineffective assistance of counsel, it additionally requests that we remand the matter for a trial on the lesser included charge of aggravated assault. However, our authority extends only to the setting aside of the void judgment. Tenn. Code Ann. § 40-30-111(a) (2004); State v. Carter, 669 S.W.2d 707, 708 (Tenn. Crim. App. 1984). Therefore, we vacate the judgments and remand to the trial court for further proceedings as necessary.

## Conclusion

We reverse the post-conviction court's denial of relief, set aside the judgments, and remand the matter to the trial court.

_____
JOHN EVERETT WILLIAMS, JUDGE